The opinion of the Court was delivered by
Tilghman C. J.
The executors of Charles W. Porter, (the plaintiff below,) brought this suit on three single bills given by Hart, the defendant, to Porter, amounting in the whole to $ 1000. It was proved, that Hart had purchased a tract of land of Porter, for which he. received a deed of conveyance with special warranty, paid part of the purchase money, and gave these three bills for the residue. The defendant gave in evidence, an outstanding title of dower in this land, in Eleanor, the wife of James Brown, and formerly the wife of John Majjit, by whom the land had been sold, and conveyed to Charles W. Porter. This evidence having been given, the plaintiff offered in evidence, a deed of release from James Brown, and Eleanor his wife, extinguishing her *203 right of dower, bearing date after the commencement of this suit. The defendant objected to the evidence, but the Court admitted it; on which, the counsel for the defendant, excepted to the Court’s opinion. The argument against the admission of the evidence is, that the plaintiff could not maintain this action, until the incumbrance of dower was removed, and therefore, nothing which was done after the commencement of the action, ought to be received in evidence. But, it is begging the question, to say, that the action was not maintainable while the title of dower was outstanding. The plaintiff had a perfect cause of action on the defendant’s bills, against which, he had no plea at law, but defended himself on the equity of his case. But what was that equity ? At most, it could go no further (supposing the right of dower to be unextinguished,) than a deduction of the value of the dow>er, from the amount of the defendant’s debts. What that value was, we have no means of judging. Bnt it might have been ascertained by the jury. Or .perhaps such a verdict might have been found, as would have induced this Court to stay the plaintiff’s execution, until the right of dower was extinguished ; for in our blended jurisdiction oflaw and equity, the Courts are often obliged to exercise chancery powers. But what was the equity of the case, supposing the right of dower to have been released, after the commencement of the suit i In that case, the incumbrance being removed, the defendant would have had no complaint as to title. He could have no equity then, but so far as respected the costs of suit. If the value of the outstanding title of dower, at the commencement of the suit, had been equal to the debt due from the defendant, he ought not to have been burthened with costs by the subsequent release. Indeed the equity as to the payment of costs, might depend on a variety of circumstances in the conduct of the parties; such as the readiness of the defendant prior to the suit, to pay the whole debt in case the incumbrance of dower was removed, or even his offer to that effect immediately after the commencement of the action. If the evidence offered by the plaintiff were permitted to go to the jury, the verdict, under the direction of the Court, might do equity as to the costs ; but the preclusion of the evidence, would have put it out of tlie power of the Court to administer equity, and would certainly have done great wrong to the *204 plaintiffs, by preventing the truth of their case from being shewn to the jury. I am therefore of opinion, that the evidence was properly admitted.
The counsel I’or the defendant excepted, also, to the charge of the Court. The evidence on both sides having been concluded, the Court gave it in charge to the jury, “ that as there had been no previous agreement to convey the land free from incumbrances ; as the incumbrances existed at the time of the purchase made by the defendant; as he had a full opportunity of making himself acquainted with the circumstances of the title, and accepted of a conveyance without general warranty, he could not then avail himself of any defect of title, as a defence to the action, and Was answerable for the whole of the purchase money.” — It does not clearly appear to u's, why this charge was given, if the release of dower given in evidence by the plaintiffs was effectual. Perhaps there were other incumbrances not appearing on the record. At all events it might mislead the jury, if it was erroneous, and we ought not to suppose, that it was given without object or meaning. We are bound therefore, to consider whether it be erroneous. This subject has been before the Court on a former occasion. It was fully considered in the case of Steinhauer v. Witman Administrator of Myer, 1 Serg. & Rawle, 438, and as the opinion of the Court in that case was unanimous, the law must be considered as settled. I will freely confess, that it was not without considerable reluctance, I agreed to the principle established in that case, nor did I make up my mind, until I had taken pains to ascertain what had been the understanding and practice in this State, for a great length of time. Being at length satisfied, that the prevailing opinion among lawyers, Judges, and men of business had been, that until payment of the purchase money, the vendee might avail himself of a defence founded on defect of title, even where he had accepted of a conveyance with special -warranty only, I thought it incumbent on me, not to oppose a principle, in which there was nothing contrary to equity. Indeed, the objections to this principle, are not founded so much on equity, as on policy and convenience. For where one party intended to convey, and the other expected to receive a good title, it is but equity that the purchaser should have relief in case of any defect of title, although there was no express agreement to that *205 purpose. Where the intent was, that the purchaser should run the risque of title, there is not a word to be said for him. And such intent may be fairly inferred, where he knew of the defect at the time of purchase, and made no provision against it, in his agreement. I hold myself bound therefore, by the decision in Steinhauer v. Witman, from which the case now before us differs in nothing, but the circumstance of there having been no eviction by Eleanor Brown, who had the right of dower. But here again I consider the practice in the Courts of this State as firmly established. We have no chancery. Matters of law and of equity, must therefore be decided in the same Court, and on the same trial. What is to be done in a case like the present ? The outstanding title of dower is notorious, although no suit has been brought on it. What can the defendant do? he has no means of compelling a suit: must he then pay his whole purchase money to day, without a possibility of having. it refunded, when he can make it appear that he is liable to be turned out of one-third of his possession to-morrow? Is there either reason, justice,'or equity, in such a proceeding? I know that this matter is not without difficulty; because there may be other cases, in which it may be uncertain whether an eviction will ever take place, although the title be defective. But it is better to encounter difficulties, and endeavour to do equity as well as we can in each case, than adopt a sweeping principle which may put it out of our power to do it in any case. The circumstances of every country must be considered by its Courts of justice. What is good for one, may be ruinous for another. In this State, land may be considered almost as an article of commerce. Rapid transfers are made, and great quantities are held by persons who never saw their possessions. Titles, which by inspection of papers, appear perfectly good, may be defective in consequence of circumstances attending the original survey, which can only be known by going on the ground. Purchases are made of unsettled lands, with a view of selling again to profit. In the course of this business, many suits are brought for the recovery of purchase money, and discoveries are made from timé to time of defect of title, although no eviction has taken place. Under such circumstances, to adopt it as a principle, that there shall be no relief^ because there has been no eviction, would be doing incalculable mis *206 chief. I am confident that the general sense and feeling of the country is against it, and although the very point may not have been solemnly decided by this Court, yet in practice, a defence founded on defect of title, without eviction, has been often admitted without opposition. When another state of things shall take place ; when the lands now lying in a state of nature shall be cultivated; when the titles depending on the original survey shall be settled, and greater care bestowed on the writings by which property is conveyed; it may be necessary to alter the law; and it is always in the power of the legislature to do it. Considering then, that it was decided in the case of Steinhauer v. Witman, that a purchaser not having paid his money, may defend himself under a defect of title, where part of his purchase has been been evicted, although he has accepted a conveyance with no more than special warranty, and considering that where there has been no eviction, it would be against equity, to compel payment of the whole purchase money, for a defective title ; I am of opinion, that the charge of the Court of Common Pleas was erroneous. The judgment therefore should be reversed, and a venire facias de novo awarded.
It is to be understood, that this opinion is confined to the case of a purchaser who has no covenants on which he can have recourse to the seller. Where such covenants exist; it is not meant now to say, at what time, or in what manner, the purchaser is to have his remedy on them.
Judgment reversed, and a venire facias de novo awarded.