The opinion of the court was delivered by
Duncan, J.
The arbitrators reported in favour of the plaintiff, two hundred and fourteen dollars, fifty cents. The defendants appealed, and there was a verdict for him only of forty-six dollars and sixiy-two cents, and judgment was entered for full costs. The error assigned in the second specification, that the plaintiff recovered less than one hundred dollars, and so is not entitled to any costs, is obviated, — because there was an affidavit, filed previous to the commencement of the action, of the plaintiff’s belief, that it exceeded that amount. The defence was, — failure of consideration, for that the land, for the purchase money of which the bond was given, was subject to an incumbrance, and it appears that the jury had deducted the amount of that incumbrance, which the arbitrators had not done. The plaintiff, therefore, did not recover in the event, a sum equal to, or greater, or a judgment more favourable than the award; and, having recovered a less sum, he was not entitled to any costs subsequent to the appeal. Landis v. Shaffer, 4 Serg. & Rawle, 196. For when the act of assembly ordered the appellant, on entering his' appeal, to give security to the ad *167 verse party, it must be intended a security commensurate with all the cost^.he could possibly recover. Now, the security required is only foi* payment of costs, in case the plaintiff shall obtain a judgment for a sum at least equal to the award. Though in some eases this provision may operate hardly, on a plaintiff, yet it could not do so on this plaintiff, ff'he mortgage was a notorious recorded nlatter,/and there was a covenant, that “there should be a sufficient warranty deed.”
,It is urged,'in support of the judgment, that the defendants did not pay off the incumbrance until after the appeal. It matters not when they paid it. The land was-liable to it. It was a satisfactory defence, "when the action was brought, and under the plea of payment with leave, &c. was a payment in equity of so much money. What evidence was given before the arbitrators, we know not; but as the incumbrance was the sole defence, it would be a strained and most unnatural conclusion, contrary to all probability, that this was not the defence before the arbitrators. The just conclusion is, that the arbitrators acted on the erroneous opinion, that until the defendants paid the mortgage, they were not entitled to deduct it.
I am, therefore, of opinion, that judgment should be reversed for the eosts which accrued subsequent to the appeal, but should stand affirmed for the debt and costs which accrued before the appeal.