The opinion of the court was delivered by .
Tilghman, C. J.
This is an action of debt, on three bonds given by Jacob Fuhrman, the plaintiff in error, who was defendant below, to Henry Loudon, the plaintiff. These bonds were given to secure the purchase money of a tract of land, sold by the plaintiff to Jacob Roop, from whom the defendant purchased; it having been agreed, by all the parties interested, that the defend *390 ant, instead of giving his bonds to Roop, should give them to the plaintiff. The defendant' having pleaded payment, with leave to give the special matters in evidence, rested his defence principally on two points. — 1. That the land which he had purchased was liable to the dower of Jacob Roop’s wife. — 2. That the said land was liable to the payment of certain legacies, charged on it by the will of William Loudon, deceased, father of the plaintiff. In order to show that no right of dower was outstanding, the plaintiff’ produced a deed from Roop and wife, acknowledged before John Jldams, styling himself a justice of the peace, to which the defendant’s counsel objected, because it was not said, in the certificate of the acknowledgment, of what county or state Jldams was ,a justice. But the court overruled the objection, and admitted the deed in evidence. The certificate was headed, - county, ss. and then went on to say, “ before me, one of the justices of the peace for the said county, personally came the above named Jacob Roop, and Susanna, his wife, and acknowledged the above indenture,” &c. &c. Now, it would seem, that the words, “for the said county,” were intended to refer to the county mentioned in the body of the deed; because, in another part of the certificate, where it is said, that the above-named Jacob Roop, and Susanna, his wife, appeared before the justice, reference must certainly have been intended to the body of the deed, no mention of Roop and wife having been previously made in any other place. The exception is not to’ be favoured, as it cannot be seriously supposed, that Jldams would have undertaken to receive the acknowledgment of a deed relating to lands in Pennsylvania, if he had not been a justice of the péace for some county in the state, and if a justice for any county, it was sufficient. At the time of taking this acknowledgment, any justice of the peace was authorized to take the acknowledgment of a deed affecting lands in any part of the state. I am of opinion, therefore, that the exception was net good, and the deed was properly admitted in evidence.
2. The next error is of a more substantial nature. The defendant says, that he ought not to be compelled to pay his bonds, because the land which he purchased, and for which these bonds were given, is liable to the payment of certain legacies, charged on it by the plaintiff’s father. The court below were requested to charge the jury to this effect. The charge was-substantially as follows: That, in general, where a bond is given for the purchase mokney of land, and, before payment, it is discovered, that there are incumbrances existing, the plaintiff cannot recover, without deducting the amount of the incumbrances, although he has made a conveyance to the defendant with general warranty; but that, where the incumbrances, with all the circumstances attending' them, are known both by vendor and vendee, and. the vendee takes from the vendor a deed, warranting particularly against those incumbrances, and gives his bond for the purchase money, it is no defence against *391 an action on the bond, to say, that the incumbranees are still existing. And the court left it to the jury, to determine, whether both parties, in the present case, knew of the legacies charged on the land, and whether any circumstance had occurred, rendering the situation of the defendant more perilous than it was when he gave his bonds. I see nothing to find fault with' in this charge. The plaintiff’s warranty certainly referred to these legacies; it was against the plaintiff himself, and his heirs, “and each and all the heirs of his deceased father, and his and their heirs, and against all and every other person.” The legacies were given to some of the heirs of the father, and no doubt it must have been known to the defendant that they were charged ón the land, because the land which he was purchasing came to the plaintiff, (the vendor,) by his father’s will, and when the defendant was examining the title papers, the legacies and the charge stared him full in the face. Then how does the defendant stand before the court? He asks equity. The plaintiff has no equity to ask; he sues on the defendant’s bond, which has been forfeited at law. But what equity is there in the defendant’s case? He purchased a tract of land, which he knew to be burthened with the payment of legacies; he secured himself against these legacies, by a warranty taken for the very purpose. He reserved a conveyance of the land, and passed his bonds for the purchase money. Thirteen years elapsed, from the death of William Loudon, by whose will the charge was created, to the time of commencing this suit. . The defendant has never been molested by the legatee, and yet he complains that he should be called on to pay his bonds, because possibly he may be molested hereafter.- It really does appear to me that there is no foundation for this complaint; and that by refusing payment the defendant is violating the fair meaning of his agreement. If the incumbrance had been unknown when the bonds were given, the case would have been very different, even though the plaintiff’s deed of conveyance had contained a clause of general warranty. He would then have been protected by the principles established in Steinhauer v. Witman, 1 Serg. & Rawle, 438, 447. But upon the facts exhibited in the present case, the charge of the court was correct.
An exception was taken to the evidence of Robert Buchanan, who proved that William Loudon, (father of the plaintiff,) died possessed of considerable personal property. I think it was good evidence, being a circumstance affording some little presumption, that the legacies might have been paid. It is unnecessary however to say any thing more on this point,- as I understand that it was abandoned after the argument. The judgment is to be affirmed. .
Judgment affirmed.