The opinion of the court was delivered by
Huston, J.
Seldom has a cause been brought before a court more defectively; the judge takes no notice of the facts: viz. that notes had been given, or that a deed had been given; but says that Gallagher was not bound to gives his notes. Neither the article nor the deed are before this court; nor are they in possession of the counsel. What covenants are in the one or the other, is unknown, except in the vague statement above given. It happen^ much too often, that causes are brought before us so defectively, that our decision must be unsatisfactory to a certain extent.
Whether there was any warranty in the articles, or, if any, to what extent, it left too uncertain. How far the deed and notes given put an end to, and extinguished the articles, is not so precisely known as could be wished; and whether the covenant of warranty in the deed was a warranty of seisin, against incumbrances, or for quiet enjoyment, or of all of them, is not apparent
*263 The existing incumbrance is the alleged breach of that covenant. Now an incumbrance is a breach of such covenant, precisely to the amount of the incumbrance: if the incumbrance is two hundred dollars, and the price of the land two thousand dollars, it will not enable the purchaser, in ordinary cases, to recover back his two thousand dollars, if he has paid it; or to retain the two thousand dollars, if unpaid. An adverse title to the whole property may enable the party to retain all the purchase money; an adverse title to one-fourth of it, may enable him to retain in proportion to its extent and value. In this case, a part of the money being unpaid, Gallagher might have paid off the incumbrance, and retained its amount, but no more than its amount: if the incumbrance had exceeded the money due on the whole price of the property, it might have enabled him to resist the payment of any more, or to have recovered the whole as part of what he had paid.
There may be cases where a purchaser buying property incumbered by liens not yet due, may accept a covenant against them, and agree to pay the purchase money, although they remain a lien on the land: but where this is not expressly, or at least,-evidently the contract of the parties, a purchaser may always pay off a lien and retain its amount out of money due the vendor. Poke v. Kelly, 13 Serg. & Rawle, 165. I speak of liens reduced to certainty of amount, admitted and due. If the purchaser does not pay them off, but suffers the property to be sold, and it- goes bona fide to a stranger, he may or may not be released from the payment of any more mohey to the vendor, according to the contract and the facts and circumstances of the case. Here the incumbrance cost him less than he owed the representatives of T. Beale. The property is not gone to a stranger; he still has it. Justice requires he should have a credit for what this incumbrance cost him, and the samo justice requires he should have credit for no more than it costs him.
Judgment reversed, and a venire facias de novo awarded.