The opinion of the court was delivered by
Huston, J.
The defendant, who was plaintiff' below, gave in evidence a single bill for fifty-six dollars and eighty-seven cents, given by Samuel Custer, in his lifetime, to M. M. Monahan, dated the 1st of June, 1822, with interest from the 1st of June, 1820, and assigned until it camelo the plaintiff.
The defendant proved, that the single bill was given in part consideration of a tract of land, sold by David Reynolds to Samuel Custer, and then gave in evidence, a deed dated the 28th of June, 1820, David Reynolds to Samuel Custer, with a clause of general warranty, as follows: “ And the said David Reynolds, for himself, his heirs, executors, and administrators, doth covenant, promise, grant, and agree, to and with the said Samuel Custer, his heirs and assigns, by these presents, that he, the said David Reynolds, and his heirs, the above-mentioned and described messuage and premises, hereby granted or mentioned, or intended so to be, with the appurtenances, imto the said Samuel Custer, his heirs and assigns, against him, the said David Reynolds, and his heirs, and against all and every other person or persons whomsoever, lawfully claiming or to claim from or under him or them, or any of them, shall and will warrant, and for ever defend.” I have copied the language of the record, when I call this a general warranty; but why it was so called in the court below, or so named in the record, I will not pretend to conjecture. It is not a general warranty. And it is the very case of Steinhauer v. Witman, 1 Serg. & Rawle, 438; and Hart v. Porter, in 5 Serg. & Rawle, 201, in both of which, and in many other cases, it is expressly decided, that if an adverse title or incumbrance is discovered before the money is paid, such title or incumbrance is a defence against the payment of the money. And, in Parke v. Kelly, 13 Serg. & Rawle, 165, it is expressly decided, that incumbrances, when discovered are a defence against payment of the purchase money, to the amount of the incumbrances, where there is a general warranty in the deed.
The law in Pennsylvania, as settled in the above cases, is founded on the plainest principles of justice; and has been too solemnly and too often decided to be ever shaken. The law is otherwise in England and New York: it was not, however, so in England at *261 the middle of the last century. Their system of conveyancing is peculiar to that country; and to apply it to Pennsylvania, where our habits and modes of transfer agree in nothing, except that they are written, would produce the most monstrous injustice.
The case of Loudon v. Fuhrman, 13 Serg. & Rawle, 386, does not in the least impugn those cases cited. There was an express warranty against incumbrances to the heirs of the grantor’s father: it was shown that certain legacies were charged on the land; it does not appear by the case, that they had become due; or that they, if due, were unpaid: it barely decides, that if the parties agree that money shall be paid at a certain day, although a certain incumbrance known and specified should remain unsatisfied, in that case the incumbrance may not be a defence, if the owner of the incumbrance is not pressing for his money; but I apprehend, and the language of the case warrants me in saying, that even in such case, if the incumbrance was put in a way of collection, and execution for it on the land sold, it would be a defence. In the language of Hart v. Porter, the law would not compel the purchaser to pay money to-day which he might sue for to-morrow.
There was error in rejecting the evidence, and therefore the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.