## C. BOLTE *vs.* L. AKAU, *et al.*

### IN EQUITY. BEFORE DOLE, J.

DECISION RENDERED MAY 11, 1892. NOT HITHERTO REPORTED.

Compound interest cannot lawfully be demanded upon a contract for such interest to accrue; but, after simple interest has become due, interest upon it may be contracted for and collected upon a special agreement.

The acceptance, without protest, by the payor, of periodic accounts furnished by the payee, transferring accrued interest to the principal, is sufficient evidence of new promises to pay interest upon such accrued interest, changed to principal.

A new promise to pay interest upon interest accrued need not be in writing, even though secured by mortgage upon real estate.

### DECISION OF DOLE, J.

The proceedings in this case have been somewhat irregular; the answer, made after the demurrer was overruled, having disappeared, and a new answer filed some weeks later. A decree,

however, was made on the issue raised by the bill and first answer, which finds the defendants to be in default, under the mortgage, in the amount of $32,621.29, and refers the accounts to a master, who filed his report April 11, 1892, finding them to be correct. The new answer, which was filed on May 5th, raises some questions already disposed of, but makes the new point that a portion of the amount claimed is due to legal charges of compound interest, and that the account should be corrected accordingly. The question was argued before me.

Our statute provides that "no action shall be maintainable in any court of this Kingdom to recover compound interest upon any contract whatever." Civil Code, Sec. 1484. This reiterates the rule of the common law on the subject, and, referring to the common law precedents, we find that although compound interest cannot lawfully be demanded and taken upon a contract for compound interest to accrue, yet after simple interest has become due, interest upon it may be contracted for and collected, upon a special agreement. Interest that has become due becomes a debt, and the creditor may demand and sue for immediate payment, or demand that the debtor should allow interest on it, upon the consideration of his forbearance, which is, in fact, turning the interest into principal. *Van Benschooten vs. Lawson*, 6 Johns. Ch., 313; *Comm. vs. Jackson*, 1 Johns. Ch., 13; *Lord Ossulston vs. Lord Yarmouth*, 2 Salk., 449; *Ex-parte Bevan*, 9 Vesey, 223; *Mowry vs. Bishop*, 5 Paige, 98; *Eaton vs. Bell*, 5 B. & Ald., 34; *Toll vs. Hiller*, 11 Paige, 228.

I adopt this doctrine, for although a promissory note to pay compound interest would be within our statute, and could not be enforced as to the compound interest, yet when interest once becomes due it is a debt, and like any other debt may be sued for, or the creditor may agree to delay enforcing it, upon the consideration of the debtor's promise to pay interest upon it. Such an agreement is not within the statute, for although it may be plausibly argued that such promise is a contract to pay interest upon interest, yet as the original interest has become a debt, the collection of which may be enforced, the new agreement is not a contract to pay interest on interest, but interest on a debt

due, and such new interest is not compound interest from the standpoint of the new agreement, though it would be compound interest from the standpoint of the original note. In other words, such a new contract may be said in effect to be an arrangement whereby the interest due is paid, and the amount borrowed again by the debtor upon an agreement to pay interest.

This position may perhaps be made more clear by referring to the object of the law, which is to protect debtors, who, through thoughtlessness, or ignorance of the rapid accumulation of an account under compound interest, would make agreements injurious to themselves. The same principle, moreover, that renders such contracts prejudicial to the debtor makes them very favorable to the creditor, to whom the right of collecting interest at stated times would be overborne by the greater right of letting it lie and begin to earn new interest on itself; and so the debtor, under such a system, is likely to be allowed, or rather encouraged, to leave the payment of his interest to an indefinite future, during which delay, however, it is all the time increasing. But under the system in which interest upon interest is not allowed, unless the debtor makes a new contract after the interest is due for further time, and the payment of interest thereon, he is forcibly reminded by such new contracts of his obligations, and is less likely to allow his affairs to become ruinously involved through oversight or negligence. *Williams vs. Williams*, 16 *Serg. & Rawle*, 258.

The question then remains, has there been a new agreement or agreements for interest upon interest due in the case before me?

The mortgage was made to secure a debt of $22,000, also to protect the plaintiff's endorsement of four notes, aggregating $18,000, and to secure future advances. The accounts were kept by the plaintiff, who was the defendant's agent, in the method in vogue among sugar agents here. "The account is made up pro and con each quarter, debiting the same with interest on all advances, payments, etc., and crediting the same with interest on all receipts, and the balance, whichever it is, credit or debit, is brought forward to the next account." (Master's Report.)

The plaintiff's counsel contends that by this system of accounting, with stated rests and the periodic delivery of duplicate accounts to the debtor, the acceptance of the latter of such accounts containing a statement of interest due, and the transfer of such interest to the general account, adding it to the principal, where it bears interest, amounts to an implied contract to pay interest upon the due interest, which takes the case out of the statute. Is such acceptance a recognition of a prior agreement, or evidence of a new agreement? The original agreement calls for interest at the rate of 9 per cent. per annum, and contains no reference to interest upon interest. In ordinary cases of mutual accounts, an acquiescence by the debtor of the charging of interest on interest due is sufficient evidence of a new agreement to that effect, which may be enforced; but in the case before us the account is secured by a mortgage, for an indefinite period, of leasehold estates in land, the unexpired terms of which, for the most part, run until January 1st, 1899. Some authorities hold that in such a case the new agreement to pay interest on interest must be in writing; as Lord Parker in *Brown vs. Barkham,* 1 Peere Williams, 652, said: "To make interest on a mortgage principal, it is requisite that there should be a writing, signed by the parties, for-as-much as the estate in the land is to be charged therewith." This rule is supported by the above quoted case of *Van Benschooten vs. Lawson, Morgan vs. Mather,* 2 Ves., 15, and others. The principle appears to be that in case of a mortgage of real estate securities, an agreement to further charge them would be within the statute of frauds, unless it was in writing.

The Court in *Young vs. Hill,* 67 N. Y., 168, questions this rule and asserts that it has not been applied in practice. My impression, gained from reference to modern authorities, is that such a rule, which was once undoubtedly recognized, has become obsolete. The Court, in the last named case, doubts the application of the statute of frauds to such a case, saying, "It may be questioned whether the courts can extend the statute of frauds to cases not within its terms, and in their discretion require promises to be in writing, which the legislature has not seen fit to subject to that formality."

In the case at bar the defendants by accepting, without pro-
test, the periodic accounts furnished by the plaintiff, transferring
accrued interest to the principal, have acquiesced thereto.   This
is sufficient evidence of new promises· to pay interest upon such
accrued interest changed to principal, which are binding upon
the defendants, and I do not find that such promises should be
in writing.

The defendant further objected that the contract did not call
for quarterly rests in the accounting, and that therefore, if in-
terest may be changed to principal, it should only have been
done once a year.   However this may be, I am informed by the
Master that, as a matter of fact, the charging of interest has been
offset by a system of counter credits, so that the result is the
same as if annual rests had been made.

I therefore overrule the objection to the plaintiff's accounts,
based on the ground of illegal charges of compound interest.

*C. Brown,* for plaintiff.

*J. M. Davidson* and *A. S. Hartwell,* for defendants.