## KELLOGG *vs.* HICKOK.

A note given on the settlement of an account, in which compound interest is charged, is not usurious.

THIS was an action of *assumpsit* on four promissory notes, tried at the Onondaga circuit, in September, 1827, before the Hon. ENOS T. THROOP, one of the circuit judges.

On the trial of the cause, the making of the notes was proved. The defendant then produced an account-current stated by the plaintiff, shewing a balance of $2643 85, with a receipt thereto attached, for the notes declared on, of the same date with the notes; which account was made up as follows:

On the 22d November, 1819, the defendant was charged with a bill of goods amounting to $2211 49, and after-charging interest and deducting some items of credit, a balance was struck on the 5th February, 1821, of $2219 31; the interest of which sum was then charged up to the 5th February, 1822, and added to. the principal, making $2374 64; on which last sum, composed of principal and interest, interest was charged for 1 year, 7 months and 13 days, up to the 18th September, 1823, the date of the notes, and added to the last sum, making together, $2643 85; for the payment of which, the defendant gave the notes declared on. The counsel for the defendant insisted that the evidence thus produced showed the notes to be usurious; and so ruled the judge, who, for that cause, nonsuited the plaintiff.

A motion was made to set aside the nonsuit.

*J. W. Brewster,* for plaintiff.

*S. Forman,* for defendant.

*By the Court,* SUTHERLAND, J. The simple question *is,* whether notes given for the balance of an account, on which account interest has been cast annually, and added to the principal, are usurious.

Compound interest has nothing to do with the question of usury. It is illegal upon a different principle. Interest annually compounded, and added to the principal, does not give

the creditor more than seven per cent. per annum for his money; and unless a rate of interest greater than that be taken, there is no usury.

In *Ord on Usury*, 36, it is said, that it is not illegal to stipulate for compound interest, or that interest, as it becomes due, shall be converted into principal, and carry interest, though, by the civil law, this was not allowed; and Chancellor Kent, in *Connecticut* v. *Jackson*, (1 *Johns. Ch. R.* 14,) though he says that such an agreement would not be enforced, admits that it would not amount to usury, so as to render the contract connected with it illegal and void at law. This position is clearly established by the case of *Le Grange* v. *Hamilton*, (4 *T. R.* 613. 2 *H. Black.* 144.) Interest is justly and equitably due at the end of each year, if payable annually; and if the debtor, instead of paying it, gives his note or bond for it, there is no legal objection to enforcing its payment. If the interest is carried into an account-current, and the debtor gives his note for the balance of the account, it stands in principle upon the same footing.

New trial granted, costs to abide the event.