## Case No. 6,613.

### HOLLINGSWORTH v. DETROIT.

[3 McLean, 472.] [1]

Circuit Court, D. Michigan. Oct. Term, 1844.

#### INTEREST—USURY—COUPONS.

1. By the English decisions, compound interest is not recoverable, except in special cases. It is not usurious, but is supposed to be pernicious.

2. Interest, when due, may be demanded and recovered. But by the English rule, which has been adopted by some of the courts in this country, a note for the interest is not valid, unless given after the interest is due, and for the payment of interest that may afterwards accrue. The authorities in this country, on this subject, are conflicting.

[Cited in Aurora v. West. 7 Wall. (74 U. S.) 105; U. S. Mortgage Co. v. Sperry, 138 U. S. 341, 11 Sup. Ct. 321.]

3. Reason and justice require the performance of contracts, not entered into in violation of law.

4. The interest in this case was made payable, in the coupons, to bearer. They passed by delivery, which was intended to give them currency. This promise is within the 9th section of the Michigan statute, which gives interest.

[Cited in Wheaton v. Pike, 9 R. I. 133.]

5. And interest is recoverable on the sums named in the coupons, if not paid when due.

[Cited in Harper v. Ely, 70 Ill. 586; Mathews v. Toogood, 23 Neb. 538, 37 N. W. 265.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

In equity.

Joy, Porter & Abbott, for plaintiff.

Harbough & Lee, for defendant.

This case was submitted to the court on the following facts: Hollingsworth is the holder of a considerable amount of the bonds of the city of Detroit, payable at a distant period, with interest, payable semi-annually, on the 1st of May, and the 1st of November. Coupons, as they are called, are attached to these bonds, each of them for the interest, as it falls due, being a coupon to each bond for each semi-annual instalment of interest. These coupons are in the following terms, varying only as to the period when they fall due: "The city of Detroit acknowledges that there will be due Robert Hollingsworth, or bearer, on the 1st day of May, A. D. 1841, thirty-five dollars, being for semi-annual interest on bond No. 44, of the seven per cent. loan." Signed, "H. Howard, Mayor," &c. The plaintiff holds many thousand dollars in these bonds, and a large amount of coupons in arrear. These coupons are the subject of this suit, and the controversy arises upon the question, whether the judgment of the court shall be for the amount of the coupons without interest, or whether interest shall be added from the time they became due.

The 7th, 8th and 9th sections of the act of Michigan, which regulates interest, are as follows: Seventh section: "The interest of money shall continue to be at the rate of seven dollars and no more, upon one hundred dollars, for a year, and at the same rate for a greater or lesser sum, or for a longer or shorter time." Eighth section: "Interest may be allowed and received upon all judgments at law, and upon all decrees in chancery, for the payment of any sums of money, whatever may be the form or cause of action or suit, and such interest may be collected on execution." Ninth section: "In all actions founded on contracts, express or implied, wherever, in the prosecution thereof, any amount of money shall be liquidated, or ascertained in favor of either party, it shall be lawful to receive and allow interest until payment thereof."

If this question be examined on the broad basis of equity and reason, uninfluenced by the decisions of courts, no one could entertain a doubt on the subject. That these coupons are not usurious is clear. No more than the legal rate of interest is claimed on them, after they became due and the city failed to pay them. The coupons were negotiable, by delivery; and no question is made whether, when due, a demand of payment was made, or whether such demand was necessary. The point not being raised, need not be considered. As a new proposition, it would seem to be unaccountable how any one could doubt that the holder of these coupons, negotiable by delivery and payable to bearer, should not be entitled to receive

interest on default of payment, the same as in every other case, on a failure to pay a certain sum. The coupons are separated from the bonds, and must be considered as a promise to pay a certain sum of money at a future time, on the consideration of interest then due. Now, it is admitted that such an instrument would be valid, and if not paid at maturity would draw interest, if given after the interest is payable; but not valid, it is contended, as to the payment of interest, if executed before the interest is payable. The promise of payment is substantially the same in each instrument, and the only sensible distinction is, that in the one case the promise is to pay a sum for interest then due, and, in the other, when it shall become due. In both instruments the sum is specific, and the consideration a good and valuable one—the accumulation of interest. To make any distinction between these cases, would seem to savor more of legal nicety than sound logic. The reason given in the decisions is entirely unsatisfactory.

In Connecticut v. Jackson, 1 Johns. Ch. 13, Chancellor Kent says that, "it may be considered as a doubtful question, on the ground of the ancient authorities, whether the assignee of a mortgage, on a bill to redeem, be not entitled to interest on the whole sum which he paid. Nor are the imperfect cases, in the reign of Charles II., uniform or consistent, even on the general question, whether compound interest can be allowed, for the dicta are both ways." But the cases decided since the revolution of 1688, in England, Chancellor Kent says, have established the rule, that, except in particular cases, governed by special circumstances, compound interest was not allowable. In the case of Waring v. Cunliffe, 1 Ves. Jr. 99, Lord Thurlow said: "My opinion is in favor of interest upon interest; because I do not see any reason, if a man does not pay interest when he ought, why he should not pay interest for that also. But I have found the court in a constant habit of thinking the contrary, and I must overturn all the proceedings of the court if I give it. This is the general rule, but it is competent to the court to order even compound interest when justice requires it." Nightingale v. Lawson, 1 Brown, Ch. 443; Dornford v. Dornford, 12 Ves. 127; Raphael v. Boehm, 11 Ves. 91.

In cases of trust, a court of chancery will direct the trustee to pay interest upon interest, where he has used the money in his hands and neglected to account. Compound interest is not forbidden by the statute against usury, but it is held to be iniquitous, and chancery will not decree it, though agreed to by the parties. 2 A. K. Marsh. 335, 339; Mowry v. Bishop, 5 Paige, 98; Lewis v. Bacon, 3 Hen. & M. 89. It will be allowed on a special agreement in writing, prospective in its operation, and entered into after the lawful interest has become due. Van Benschooten v. Lawson, 6 Johns. Ch.

313, 316. In the case of Fobes v. Cantfield, 3 Ham. [Ohio] 17, "the debtor agreed, in 1807, that upon the principal and interest then due, he would pay the interest annually. This agreement he failed to perform. In 1812, he acknowledged the existence and obligation of the agreement, and settled the account according to it, and gave his notes for the amount, and the mortgage to secure the payment." This was set up against the mortgage, but the court held the interest was rightly paid. And again, in Watkinson v. Root, 4 Ham. [Ohio] 373, where the parties made a contract in April, 1826, by which the defendant agreed to pay to the plaintiff $4,586 in four equal annual payments, with lawful interest, to be paid annually; an action was brought for the interest, and the only question was, whether interest was allowable upon the successive annual charges of interest, after they fell due. And the court say, such a contract is prohibited by no statutory provisions, and we see no reason why it should not be enforced. 1 N. H. 179, is to the same effect. Where regular accounts are settled from time to time, interest on interest is allowed. 3 Brown, Ch. 440. Where bankers furnish an annual account without objection, an agreement shall be presumed that the balance of principal and interest shall bear interest. 1 Ball & B. 422. Accounts between merchants may be settled every half year, on the principle of compound interest. 9 Ves. 223, 224. It may be allowed where there is a contract implied, or it is the usage of trade. 2 Ves. Sr. 16, 17, 20.[2] A promissory note given for the payment of interest upon interest, which had previously become due, is valid. Wilcox v. Howland, 23 Pick. 167. In the same case it is said, "If a party holding a note payable at a future time, with interest annually, lets the time run by without demanding interest, he cannot afterwards, in an action on the note, recover compound interest." Yet he may sue for each instalment of interest as it becomes due. Cooley v. Rose, 3 Mass. 221; Greenleaf v. Kellogg, 2 Mass. 568. "It is not illegal to stipulate for compound interest, or that interest as it becomes due shall be converted into principal, and carry interest." Kellogg v. Hickok, 1 Wend. 521. If the debtor, instead of paying interest when it becomes due, gives his note or bond for it, there is no legal objection to enforcing the payment. Id.

From the above citations, it appears that the earlier decisions in England had not clearly settled the rule in regard to compound interest. There are dicta both for

---

[2] In Eaton v. Bell, 5 Barn. & Ald. 34, Chief Justice Abbott said: "It is now settled, that a party advancing money to another, is entitled to charge interest, and at the end of every year, then to add the principal to the interest." Bainbridge v. Wilcocks [Case No. 755]. "Compound interest is not illegal, and may be recovered on express promise, or on one implied by law, as a part of the contract."

and against it. But the more modern doctrine in England is, that "compound interest cannot lawfully be demanded and taken, except upon a special agreement, made after the interest has become due." And that a note given for the payment of interest before it has accrued, is not valid. This doctrine was laid down and followed by Chancellor Kent, in 6 Johns. Ch., above cited. It is founded upon the consideration, that "interest upon interest, promptly and incessantly accruing, would as a general rule, become harsh and oppressive. Debt would accumulate with a rapidity beyond all ordinary calculation and endurance. Common business cannot sustain such overwhelming accumulation. It would tend also to influence the avarice, and harden the heart, of the creditor."

Now it is admitted, that there is no law prohibiting such a contract. But the courts have adopted the rule from notions of policy. All the authorities admit that the interest, payable annually or semi-annually, may be demanded and recovered as it becomes due, and that a note given for it may bear interest. And yet, when the loan is first negotiated, an agreement to pay interest on the interest after it becomes due, is not valid. The reasons for this distinction are unfounded in fact. It is supposed that the interest being due, and the debtor being pressed for its payment would be less likely to yield to the avarice and hardness of heart of the creditor, than when the loan was at first negotiated. Is not the converse of this true? When the loan is made, the borrower is generally sanguine that he shall be able to pay the interest, at least, as it shall become due. And if he fails to do this, he agrees to pay interest upon the amount of interest which he has failed to discharge. The essence of the agreement is, that the borrower shall pay the interest punctually as stipulated. Now, if he does not pay, does he not withhold from the creditor his due, and is it unreasonable that interest should be paid, as in all other cases, where there is a failure to pay money when due? But when the interest is due, the "hard-hearted" creditor demands the payment of it, and if not paid, he may resort to legal coercion. Here the judicial shield might protect the creditor with a better grace, and with greater propriety, than against a contract to pay interest upon interest, made under more favorable circumstances. The fact is this judicial legislation, to get rid of express contracts, which are not made in violation of law, is wrong in principle.

The rapid accumulation of interest is another objection made to this mode of computation. This objection has no better foundation than the negligence of the borrower. He is not presumed to be punctual in paying the interest when due, and he must be protected in this indifference to his contract against his hard-hearted creditor. In other words, the creditor is more lenient than justice required, or the debtor had any right to expect; and for this lenity by the creditor, and indifference to his obligation by the debtor, he shall be the gainer, and the creditor the loser. Now this argument is as unsound in morals, as it is in logic. Such a principle might be established by an arbitrary legislative enactment, but it is not sustainable as judicial legislation. The powerful mind of Lord Thurlow would not yield to such logic, but he was governed by the force of precedent. Precedents are not to be lightly regarded, but when they subvert contracts, and are founded in error, they should be abandoned. Prior to the reign of Henry VIII., usury, that is, the taking of interest, was deemed a crime, in the language of an attorney general of England, to be classed with murder and treason. In modern times, a usurious contract is only void in whole or in part, because it is made so by statute. Where an individual agrees to pay the sum of one hundred dollars on a certain day, but fails to do it, can there be any difference whether that sum was due for property purchased, or for the use of money at a legal rate of interest? The consideration in the one case is as good as in the other, and interest on the failure of the debtor is recoverable in either case.

The case under consideration is stronger than where the payment of interest is regulated by the principal bond. The coupons were given for the different instalments of interest as they became due, and were made payable to bearer. On their face was expressed, that the amount was due for interest, &c. The coupons could have been made payable to bearer, for no other purpose than to give them currency. They passed as bank notes payable to bearer pass. The coupons acknowledged a sum to be due in each, and this brings them within the ninth section of the act of Michigan, above cited, which gives interest. It is notorious that the city was unable to pay the interest as it became due, and it could not have been collected by legal means. But now the city opposes the claim of interest on interest, under the precedents stated. These precedents are opposed by other decisions, and by every consideration of sound policy, of morals, of logic, and of law. A want of punctuality in the payment of their engagements, by public bodies, is injurious to the community at large. It introduces a loose morality, and works a pernicious effect upon society. We think that these instalments of interest, made payable by these coupons being for a sum certain, were expressly within the ninth section, and that the interest is recoverable, from the time the city failed to pay it.