THE NEW YORK LIFE INSURANCE AND TRUST COMPANY *v.* MANNING and others.

A debtor on a mortgage bearing six per cent interest, who at the end of each half year for several years, pays seven per cent, taking receipts, each expressed to be for six month's interest; cannot have the excess beyond six per cent, applied to extinguish the principal.

Each receipt so accepted by the debtor, is evidence of an agreement to pay seven per cent interest for the preceding six months; and whether it be deemed antecedent or made at the time of payment, it has the same consideration, the creditor's forbearance; and having been executed, the court will not interfere, even if the agreement were not such as could have been enforced.

Such receipts are not evidence of a continuing agreement to pay the higher rate of interest beyond the period which they cover.

September 10; October 2, 1845.

THIS was a suit to foreclose two mortgages on the same premises, executed by R. Manning to James Campbell, one for $3000, and the other for $500, with interest at six per cent, payable half yearly; which were assigned by Campbell to the complainants, April 30th, 1836. The defendant Manning in his answer, claimed that he was entitled to be credited on the principal of the mortgages, with thirteen semi-annual payments of seventeen dollars and fifty cents each. He gave in evidence the complainants' receipts, thirteen in number, extending from 1836, to 1843, which were thus expressed. "Received of" &c. "$122 50, being the amount of interest due on the 1st instant, on his bonds," &c.

The complainants proved that the payments expressed in these receipts, were made for interest on the mortgages, and no objection was made thereto by Mr. Manning.

*W. Betts,* for the complainants.

*R. Manning,* for the defendants, cited *Hollis* v. *Wise,* (2 Vern. 289;) *Shode* v. *Parker,* (2 ibid. 316;) *Thornhill* v. *Evans,* (2 Atk. 330;) *Walker* v. *Penrin,* (Prec. in Ch. 50;) *Van Ben-*

*schooten* v. *Lawson,* (6 J. C. R. 313 ;) *St. Andrew's Church* v. *Tompkins,* (7 ibid. 14.)

THE ASSISTANT VICE-CHANCELLOR.—The bill alleges that the whole principal sum secured by each of the mortgages, is due with interest from June 1, 1842.

The answer denies this, and sets up certain small semi-annual payments, which should be applied to reduce the principal.   In support of the answer, the defendants produce thirteen receipts, each expressed to be for six months' interest, and each being equal in amount to the interest at 7 per cent.   The sole question there- fore is this :—Can a mortgagor whose mortgage secured 6 per cent interest, and who after the money became due, regularly paid in- terest at the rate of 7 per cent, afterwards claim to have the ex- cess which he has paid beyond 6 per cent, applied to extinguish the principal ?

I am clear that he cannot.   Each receipt taken and accepted by the mortgagor, is evidence of an agreement to pay interest at 7 per cent for the preceding six months.   Whether it be regarded as proving an antecedent agreement to pay at that rate for the ensuing six months, or an agreement at the end of the time, it stands on the same valid consideration, forbearance to collect the debt.   It being by parol, is not important, now that it is executed. This court will not compel a party to repay money received on an executed contract which was fair, equal and on a sufficient consideration, although the contract may have been one which the court could not, because of some defect or omission, decree to be carried into execution.

This is not the case of an agreement to compound interest which has not yet become due.   The case of *Van Benschooten* v. *Lawson,* (6 J. C. R. 313,) cited by the defendants is inappli- cable.

In *St. Andrew's Church* v. *Tompkins,* (7 ibid. 14,) the agree- ment, valid as to the mortgagor, was held to be inoperative against a second mortgagee, who had no notice of its existence.

In *Walter* v. *Penry,* (2 Vern. 145 ; Prec. in Ch. 50, and Eq. Ca. Ab. 288, pl. 1, S. C.,) there were conflicting decisions of dif- ferent chancellors, upon the question whether a statute reducing

the rate of interest from 8 to 6 per cent, affected the interest payable after its passage, on securities executed before.   The judges who held that the mortgagee had no right to receive the old rate of interest, directed the excess which had been paid, to be applied in reduction of the principal.   In their view, the collection of the excess was illegal.   Here the payment of 7 per cent was lawful.

In the report of *Walter* v. *Penry*, in Equity Cases Abridged, it is said that the statute of Ann reducing interest to 5 per cent, did not operate upon debts previously contracted ; and in Precedents in Chancery, the report states, that if both principal and interest had been paid, there should have been no refunding.

As the case does not affect the one before me, it is unnecessary to comment upon the decision.   The same remark is applicable to the authorities, where a higher rate of interest was to be paid in default of a punctual payment.   On the other hand, the principle of the cases of *Kellogg* v. *Hickok*, (1 Wend. 521,) and *Mowry* v. *Bishop*, (5 Paige, 98,) appears to be decisive against the defendant's claim to retract his payments, and have them applied to the principal.

The complainants are entitled to the usual decree.   As there is no proof of a valid continuing agreement to pay a higher rate of interest, the computation from June 1, 1843, must be made at 6 per cent.

Decree accordingly.