## SUPREME COURT.

### Stephen P. Forman agt. Miles Forman.

It has long been settled by the general term in the 6th judicial district, that where a *notice of appeal* from a justice's judgment states a *single ground* on which the appeal is founded, it confers jurisdiction on the county court to examine the whole case, as set forth in the justice's return, to see if any error has been committed, for which the judgment ought to be reversed. (*This, it will be seen, is adverse to the decisions in the 7th district, in the case of Derby* agt. *Hannin,* 15 *How.* 32; *and Bush* agt. *Dennison,* 14 *id.* 307.)

There is no authority for the recovery of *compound interest* in an action at law, unless there has been a promise in writing to pay it, after interest has become due, or without proof of peculiar facts taking it out of an ordinary claim of an account or note.

*Chenango General Term, May,* 1859.

*Present,* Mason, Balcom *and* Campbell, *Justices.*

This action was brought before a justice of the peace, where the plaintiff recovered a judgment against the defendant, for $32.74, besides costs. The Tioga county court affirmed the judgment, on the ground that the notice of appeal to that court did not state the grounds upon which the appeal was founded, within the rule laid down in *Derby* agt. *Hannin,* 15 *How. Pr. R.* 32; *Bush* agt. *Dennison,* 14 *How. Pr. R.* 307; 6 *Abb.* 183. The notice contained the following grounds of appeal: " 1st. The justice improperly admitted the evidence of C. V. S. Blivin, a witness sworn on the part of the plaintiff, and other evidence. 2d. The justice improperly permitted C. V. S. Blivin to be sworn as a witness for the plaintiff. 3d. The justice should have given judgment for the defendant against the plaintiff. 4th. The judgment rendered by the justice is not sustained by the evidence, and is against the evidence. 5th. The said judgment is not sustained by the law, and is against law." The notice concluded with this clause: " And the appellant will rely upon these grounds, and such others as shall appear in the justice's return, for a reversal of the aforesaid judgment."

The action was founded upon a note, on which there was due only about $10.87 ; and upon an account, on which there was a balance due, aside from interest, of only about $11.43. The defendant established a counter-claim that amounted to about $12.99. And aside from interest on the account proved by the plaintiff, there was a balance due him on both the account and note, over and above the defendant's counter-claim, of *only* about $9.31, aside from interest.

The plaintiff called one Blivin as a witness, who testified : " The custom of the country, so far as I know, is to let accounts run from May till May, and cast interest on all balances due on the first of May ; that is, where accounts run, to cast interest on the balance due on the first of May in each year." No other evidence was given, that affected the question of interest. The plaintiff purchased the account, on which he recovered, of the witness Blivin. It commenced in 1837, and ended in 1852.

There was no possible way by which the justice could have made out that there was $32.74 due the plaintiff, on the demands proved, over and above the counter-claim established by the defendant, except by computing interest on the account the plaintiff purchased of Blivin and *compounding it*.

The defendant appealed from the judgment of the county court, to this court.

WARNER, TRACY & WALKER, *for plaintiff*.
FARRINGTON & PARKER, *for defendant*.

By the court—BALCOM, Justice. The defendant's notice of appeal, from the judgment of the justice to the county court, was clearly sufficient, according to decisions heretofore made by this court, at general term, in this district, to authorize a reversal of the judgment of the justice, for any error committed by him, affecting the merits of the case, prejudicial to the defendant. Such decisions show, that, if the notice states a single ground on which the appeal is founded, it confers jurisdiction on the county court to examine the whole case, as set

forth in the justice's return, to see if any error has been committed for which his judgment ought to be reversed. And we think this rule enables the county court to "give judgment according to the justice of the case, without regard to technical errors and defects," as section 366 of the Code enjoins. This court has uniformly held this rule in this district since the year 1847 ; and although none of the decisions, which so hold, have been reported, yet we feel bound to follow them, because we believe they are correct, notwithstanding the adverse decisions in other districts which have been published.

If the evidence authorized the justice to allow interest on the account the plaintiff purchased of Blivin, as to which I will express no opinion, it did not make a case for compounding it, which he must have done, or his judgment would not have amounted to $34.74, besides costs. I know of no principle or adjudged case that authorizes the recovery of compound interest in an action at law, unless there has been a promise in writing to pay it, after it could be said to be morally due, or without proof of some peculiar facts, not established in this case. (*See Kellogg* agt. *Hickok,* 1 *Wend.* 521; *Jackson* agt. *Campbell,* 5 *id.* 572 ; *Connecticut* agt. *Jackson,* 1 *Johns. Ch. R.* 13 ; *Van Benschooten* agt. *Lawson,* 6 *id.* 313 ; 5 *Paige,* 98 ; 9 *id.* 334 ; 11 *id.* 228 ; *Boyer* agt. *Pack,* 2 *Denio,* 107.) The case of *Jackson* agt. *Campbell* is unlike this in many respects, and is no authority for upholding the judgment herein.

The justice erred in holding that the plaintiff was entitled to compound interest on the account he purchased of Blivin, and his judgment, as well as that of the county court, must be reversed with costs.

Decision accordingly.