McKinney, J.,
delivered the opinion of the Court.
The complainant seeks to be relieved, in part, against a judgment for $495.57, obtained against him by the defendant, on the ground that the note on which the judgment was founded, was, to some extent, usurious.
The parties are brothers, and there seems to have been a course of dealings between them, running through *234 several years. On the 14th of May, 1845, they made a final settlement, the result of which was, that complainant fell in debt to defendant in the sum of $813.51, for which the former executed to the latter, a bill single, due one day from date, and which, on its face, purports to be an adjustment of their accounts up to that date.
Upon this bill single, suit was commenced on the 31st of January, 1852, and judgment was obtained for the sum above stated, in September, 1857.
In the progress of said suit at law, the defendant, (now complainant,) filed a petition for the discovery of the alleged usury, which' was answered; but, on the trial, the Circuit Judge ruled that the matter of usury could not be inquired into, as there was no plea of usury in the case. And in June, 1858, this bill was filed, reiterating pretty much the same charges contained in the petition.
It is alleged in the bill — and more explicitly in the petition for discovery, which is part of the evidence— that the bill single for $813.51 was made up of the amounts of several small notes, held by the defendant, on complainant, previous to the date of the settlement before mentioned; and it is alleged that compound interest was computed on said several notes, from year to year, and added to the principal, each year, thus making the interest bear interest; and that by this process of compounding, the proper amount was swelled some $300. No objection, it seems, was made, at the settlement, to the computation of compound interest on the several small notes; and from the statement in the bill, and the more explicit statement in the petition for discovery, it *235 is manifest that it was agreed between the parties, that compound interest should be reckoned upon said notes.
The ground of complaint seems to be, that compound interest was not also allowed to complainant, on the settlement, on the various items of his account against the defendant, as it was understood between the parties, was to have been done, as is alleged by complainant. This, however, is denied by defendant, and is not sufficiently proved.
We need not stop to notice the improbability and apparent inconsistency of the statement - of the supposed ground of equity assumed in the bill, because, putting the case in the strongest possible aspect for the complainant, it is obvious that he is entitled to no relief against the judgment at law.
There can be no plainer legal proposition stated, than that compound interest is not usury. In the language of the Court, in Kellogg vs. Hickok, 1 Wend., 521, “compound interest has nothing to do with the question of usury.”
It is plain, that the computation of interest upon interest, turned into principal, does not increase the rate of interest upon the amount of the original loan. Indeed, the cases which hold that interest upon interest is not allowable, concede, generally, that this does not constitute usury. It is disallowed upon a principle of supposed public policy, being regarded as a hard, oppressive exaction in favor of negligent creditors, and tending to usury: See 5 Paige’s R., 102; 1 Johns., Ch. R., 14; 4 Term. Rep., 613. There is a considerable diversity of judicial opinion to be found in the books upon this question.
*236 According to some of the authorities, an agreement at the time of the loan, that if the interest be not paid at the time stipulated, it shall be deemed principal, and bear interest, will not be enforced in equity. But it is otherwise, it seems, where an agreement to that effect has been made subsequent to the original contract, or when the interest fell due: 1 Johns. Ch. Rep., 14-16, and cases referred to. The reason of this distinction is certainly not very obvious. The more reasonable doctrine, as it seems to us, is that asserted in Kennon vs. Dickens, Cam. and Nov., 357, (cited in Mowry vs. Bishop, 5 Paige's Ch. Rep., 102,) namely, that when the payment of interest at stated periods, forms part of the contract, and the payment of the principal sum is postponed to a distant day, upon the faith of the agreement for a regular and punctual discharge of the interest at the times agreed upon, equity and good conscience, at least, require that the debtor should fulfill his engagement, or render to his creditor the usual equivalent for the nonpayment of the interest at the times agreed upon.
There are numerous other American cases which have sanctioned the recovery of interest upon interest, from the time it became due, referred to, Mowry vs. Bishop, above cited. We are aware of no rule of law which would be violated, by permitting the parties to agree at the time of the loan, that if the interest be not paid at the time stipulated, it should be treated as principal, and bear interest. This is surely nothing more than justice to the lender.
The doctrine, that interest upon interest cannot be stipulated for at the time of the loan, or contract, has been carried no further, in the cases to which we have *237 had' access, than a refusal to carry into effect such an agreement. But if, after the interest is due, an agreement is made that it shall carry interest, such an agreement would be enforced, as we understand the doctrine. At all events, it is clear, that a Court of Equity would not set aside, or relieve against, such an agreement, much less would it interpose after judgment at law, founded upon the agreement; nor if the compound interest were voluntarily paid, could it be recovered back: 5 Paige’s Ch. Rep., 98, 102, and cases there cited; 1 Wend., 521.
This latter course of decision — if we were inclined to follow it — would deny the complainant any relief in this case. But, as before stated, it seems to us, that the case of Kennon vs. Dickens, lays down the correct doctrine; and it appears, that in several of the States, the law has been settled accordingly. There is, however, a conflict of decision upon this subject: See Chitty on Con., (ed. of 1848,) 648, note 1, where the cases are referred to; Mowry vs. Bishop, 4 Paige’s Rep., 98.
It results, that in neither aspect, of the case, can relief be given to complainants.
If it be assumed, that it was stipulated in the original contract, that the interest should be compounded, if not punctually paid, we hold, that there is nothing illegal or immoral, or contrary to policy, in such an agreement. The interest is both legally and equitably due at the expiration of the period limited for its payment; and, if, instead of paying the interest, it be converted into principal by the previous agreement of the *238 parties, we think there can be no objection to enforcing such an agreement.
But if the agreement to compound the interest were made after the interest became due, and at the time of the settlement, the weight of authority is still greater against the claim to relief, as we have before seen.
The decree will be reversed, and the bill dismissed.