Baird agt. Pridmore.

## SUPREME COURT.

### S. M. BAIRD agt. JOHN G. PRIDMORE.

The objection that a *summons* issued from a justice's court is invalid by reason of the omission to affix thereto a *U. S. revenue stamp*, should be made before the justice on the *return day of the summons*. It is too late to raise that objection for the first time *on appeal*. After judgment, such an objection should not be listened to in any court.

*It seems*, that it was the intention of the U. S. revenue act, to impose a stamp duty of 50 cents upon all writs, summons and other original process by which a suit was commenced in any court of record, and also of the same amount upon any writ, process or summons in a *justice's court* or other court, not of record, for the recovery of any sum exceeding $100.

The *constitutionality* of the internal revenue act is too clear for discussion.

*Monroe General Term June*, 1866.

*Before* WELLES, JOHNSON *and* E. D. SMITH, *Justices.*

THIS action was commenced before a justice of the peace, by service of a summons issued by the justice, and commanding the defendant to appear before said justice to answer the complaint of the plaintiff to his damage of two hundred dollars or under.

No revenue stamp, under the statute of the United States, was attached to said summons at any time. The defendant failed to appear before the justice, and the plaintiff recovered a judgment from which the defendant appealed to the county court of Livingston county, upon the ground that the summons issued by the justice was irregular and void by reason of being issued and served without a revenue stamp being attached thereto, which was the only question in the case; the county court affirmed the judgment and delivered the following opinion:

S. HUBBARD, County Judge. This action was commenced by summons issued by a justice of the peace, and which concludes as follows: "To answer S. M. Baird in a civil action to his damage of two hundred dollars or under." There is no other statement of claim in the summons.

The summons was not stamped.

It is claimed by appellant that it should have been stamped

with a 50 cent internal revenue stamp, and for lack of such stamp it was void, and the judgment should be reversed.

The respondent claims :

*First.* That the law requiring the process of state courts to be stamped is unconstitutional.

*Second.* That the summons in this case is not within the requirements of the law.

The authorities on the question of unstamped process being void, are very nearly equal, and it might seem ostentatious for a county court to give an elaborate opinion determining the just weight of the respective authorities unless absolutely necessary. On a careful consideration of the whole matter, I do not think such necessity exists in this case. I will assume the law to be constitutional. The question then remains—does the law require a justice's summons to be stamped?

It is clear that the only process from a justice's court requiring to be stamped by the terms of the law, is a writ, in which the amount claimed is $100 or over.

The question in this case then is—was this summons a writ claiming one hundred dollars or over ?

But leaving out the latter clause was it a writ within the meaning of the law ?

It is a little difficult to determine what is now in this state a true definition of a writ, but a common law definition, and which congress may well have had a view, requires a seal (*Bouvier's Law Dictionary, writ*). This summons neither had, nor required a seal. Nor did a justice's warrant require a seal at common law (42 *Barb.* 215) ; and was, therefore, not regarded as a writ. It might be under seal, and would then probably be a writ. If it requires a seal within the meaning of this law to constitute a writ, then of course this summons needed no stamp.

In courts of record "writs or other original process" require stamps. But in justice's court " other original process " do not require stamps. And "no writ, summons, or other process issued by a justice of the peace," except " a

writ in which is claimed $100 or over," is subject to stamp duties.

This summons did not require any statement of claim, and the respondent insists that it should not be interpreted to state any, but whatever may be its true interpretation, or whatever may be held to be a correct definition of writ, it can hardly be held that a justice's summons requires a stamp. Congress has clearly made a distinction between "writs," "summons and other original process," and in courts not of record has only taxed writs, while summons or other process issued by justices of the peace, except writs, are exempt. If we cannot tell precisely what they included in each class, we can yet see that they made the classes, and that they more probably included justice's summons in the class of "summons and other original process," than in the class of writs.

In this view the judment should be affirmed.

From this decision the defendant appealed to this court.

BINGHAM & BRODHEAD, *attorneys, and*
A. M. BINGHAM, *counsel for appellant.*

*First.* Section 151 of the act of congress, approved June 30th, 1864, called the national tax law, provided : "That there should be levied and collected upon such instruments, written or printed, as were set forth in schedule 'B,' the several sums of money set down in figures, or otherwise specified in said schedule."

Section 158 "provided that any person who should make, sign or issue any such paper without having an adhesive stamp to denote the duty thereon, with intent to evade the provisions of this act, shall for every such offense forfeit the sum of two hundred dollars ; and such document or paper shall be deemed invalid and of no effect."

Schedule " B " reads as follows :

1. " Writ or other original process by which any suit is commenced in any court of record, either of law or equity, 50 cents."

2. "Where the amount claimed in a writ, issued by a court not of record, is one hundred dollars or over, 50 cents."

3. "Provided that no writ, summons or other process issued by and returnable to a justice of the peace, except as hereinbefore provided, &c., shall be subject to the payment of stamp duties.

The county court decided the case entirely upon the ground that the word writ, in the second clause of schedule "B," above quoted, must be construed to mean a process issued under the seal of the court, and did not apply to a summons which was not under seal.

*Second.* We do not understand the word writ in the section referred to, to possess any such limited meaning ; because,

1. A process under the seal of the court is not the general definition of the word writ.

Bouvier defines the word writ to be, in its general meaning, "a mandatory precept, issued by the authority and in the name of the sovereign or the state, for .the purpose of compelling the defendant to do something therein mentioned" (*Bouvier's Law Dictionary, vol.* 2, 663).

A summons is defined to be "the name of a writ, commanding the sheriff or other authorized officer to notify a party to appear in court to answer a complaint" (*Bouvier's Law Dictionary, vol.* 2, 559).

Worcester defines a writ to be : "In practice, a judicial instrument by which a court commands some act to be done by the person to whom it is directed."

The above definition of the word writ, is the modern understanding and the practical definition of the word, as used by law writers and law makers at the present day.

2. There is no reason for supposing, from the act of congress or otherwise, that any difference was intended between original process under seal, or not under seal. We cannot presume, certainly, that congress intended to make any such useless distinctions, with no other object to accomplish except to complicate the law, and taking the three clauses together, above quoted from schedule "B," it is very evident that congress intended to make the necessity for a stamp

dependent upon the amount in litigation as it appeared from the writ, giving to justice courts the privilege of litigating claims below $100 without a stamp.

3. Every act of the legislature must be so construed as to give it some meaning, if possible, but if the limited meaning of the word " writ," which the county court has attached to it, is to be applied, then the clause in schedule " B," referring to justice courts, has no meaning whatever, because there are no justice courts which have seals, and they cannot issue " writs " under the definition of the word applied by the county court, and the result is, if we are to adopt this definition, that congress must have been ignorant of the true meaning of the word " writ," when they solemnly enacted that " no writ, summons or other process, issued by and returnable to a justice of the peace, except as hereinbefore provided, &c., shall be subject to the payment of stamp duties." And congress must also have supposed that they had provided for the taxation of some kinds of process issued by justices of the peace, otherwise they would not have inserted " except as hereinbefore provided." And there is no clause in schedule " B " which this language could refer to except that provision wherein a stamp duty is provided of fifty cents upon a " writ " issued by a court not of record, where the amount claimed in the " writ " is one hundred dollars or over.

*Third.* The amount claimed in the writ issued by the justice was two hundred dollars or under. Judgment might have been entered for two hundred dollars under this writ, if the proof had been sufficient. It was, therefore, within the intention of the act affixing stamp duties, and also within the express language of the act which reads " where the amount claimed in the writ." It is, therefore, the amount claimed in the writ which is to decide its liability to stamp duties.

*Fourth.* The act of congress clearly applied to the summons issued as the commencement of this action.

1. It required an adhesive stamp denoting a duty of 50 cents to be attached, and it is unneceasary to decide whether

the summons was void under section 158. If the legislature requires a stamp to be affixed, it in substance prohibits the issuing one without a stamp. The summons would, therefore, be irregular without it, and if the irregularity was not waived by an appearance, the court would reverse the judgment.

The affixing a penalty to an act renders it illegal without any prohibitory words in the statute (*Hallet* agt. *Novion*, 14 *Johns*. 273, 290).

2. The provision of section 158, which provides that a paper issued without a stamp, with intent to evade the provisions of the act, applies only to the penalty for such omission, and by a subsequent clause of said section, such paper is made invalid whether a stamp is not affixed, with intent to evade the provisions of the act, or otherwise.

3. Every person is ordinarily presumed to do what he does do intentionally, and if there was any excuse to offer for not having attached a stamp to the summons in this action, it devolved upon the party affected by the failure to comply with the law, to show the excuse for such failure.

*Fifth.* The constitutionality of the act of congress was extensively discussed upon the argument before the county court.

The case of *Warren* agt. *Paul*, supreme court of Indiana, was principally relied upon as authority.

In that case the principal argument seemed to be, that the right of taxation of the process of state courts, necessarily implied the right of prohibiting the functions of the state tribunals.

But this logic, by the decisions of our state courts, has been demonstrated to be unsound. In *Wynehamer* agt. *People* (13 *N. Y. R.* 378), the court of appeals decided that a law which directly or indirectly occasioned the destruction of personal property or prohibited its enjoyment, was unconstitutional, while it is equally the well established law that the same property may be, and its use and sale are regulated and taxed to any extent which does not substantially prohibit its enjoyment. There does not seem to be any essential

difference in regard to the power to tax the "right to justice," as it is called in *Warren* agt. *Paul,* or the power to tax property directly. One is a taxation of the means by which property is acquired, held and enjoyed, and the other is a tax upon the property itself; and excessive taxation in either case would be equally destructive of a man's rights, for it matters not whether you take away the means by ·which a man holds and enjoys property, or allow him to hold property upon such burdensome conditions that its value is destroyed. The same argument, as is demonstrated by WHITE, justice, in the German *Leiderkranz* agt. *Schiemann* (25 *How.* 388), which would take away the power of congress to require a stamp upon legal process, would do away with the whole act relating to stamp duties.

But it is perhaps sufficient for the argument upon this case that the law relating to stamp duties has been held valid all over this State, with the single exception of Judge BARNARD. In *Watson* agt. *Morton* (27 *How.* 294 ; 25 *How.* 388), above cited, and in a large number of cases not reported, a summons has been held void for want of a revenue stamp.

ABBOTT & WARD, *attorneys, and*
A. J. ABBOTT, *counsel for respondent.*

The only question in this case is, did the summons issued by the justice require a stamp, and was it void for not being stamped?

The law of congress provides that a " writ or other original process," &c., in any " court of record," &c., shall be stamped.· That " where the amount claimed in the writ, issued by a court not of record, is one hundred dollars or over," the writ shall be stamped. It then provides that " no writ, summons or other process issued by and returnable to a justice of the peace, except as hereinbefore provided," &c., " should be subject to stamp duty."

Section 158 of said law provides that " any person or persons who shall make," &c., " any instrument," &c., " without the same being duly stamped," &c., " with intent to evade

the provisions of this act, shall for any such offense forfeit the sum of fifty dollars, and such instrument," &c., " shall be deemed invalid and of no effect."

*First.* Said summons required no stamp.

1. It is not a writ—a writ at common law, must be in the name of the people, and must be under seal. (*Blackstone's Com.* ; *Bouvier's Law Dic.* ; *Burrill's Law Dic. and other authorities.*)

We believe the practice in the U. S. courts is the common law practice, and writs in those courts are in the name of the people and under seal. Congress must be assumed to have used the term writ in its common law sense, and as used in the federal courts at large, and not as used or defined in the local courts of any particular state.

Formerly in this state, original process were called writs, and were in the name of the people and under seal. Wherever the legislature has changed the law, and dispensed with the seal as to a certain class of writs, it has changed the desig- nation of that class of writs, from writ to summons, indicat- ing that the term writ as correctly defined, was no longer applicable to that class of process, but leaving the term writ still applicable to a large class of process, writs of error, or writs of commission, &c., which must still be under seal.

2. It was manifestly the intention of congress to discrimi- nate between the terms writ and summons, the term writ being used in all three of the clauses, and the word sum- mons only in the proviso, &c.

3. In the summons, in this case, there is no " claim in the writ " of " one hundred dollars or over," the phrase " to his damage of two hundred dollars or under " is not such claim ; is no claim whatever.

The law being in derogation of the common law, affecting as it does the right of property of the citizen, and the juris- diction of the state courts, in the administration of justice must be strictly construed.

4. There is no evidence in the case that it was the "intent (of the justice) to evade the provisions " of the law.

*Second.* So far as the act of congress assumes to declare

invalid for want of a stamp the process of a state court, it is unconstitutional.

Congress has no right, under the constitution of the United States, to interfere with the independent jurisdiction of states and state courts.

No such power is granted to the general government in any of its departments, by any express or implied provision of the constitution.

" The powers not delegated to the United States by the constitution, nor prohibited by it to the states, are reserved to the states respectively or to the people."

This is a very important question, and we bespeak for it the deliberate consideration of this court. (*American Law Register*, vol. 4, *No.* 3, *p.* 157, *new series*; 24 *How. Prac. Rep.* 357).

*By the court,* E. DARWIN SMITH, J. It was the intent, I think, of the 151st section, act of congress of 1864, entitled " an act to provide internal revenue for the support of the government," to impose a stamp duty of 50 cents upon all writs, summons and other original process by which a suit was commenced in any court of record, and also of the same amount upon any writ, process or summons in a justices' court, or other court not of record, for the recovery of any sum exceeding $100.

Construing together all the provisions in the schedule B annexed to said act and referred to in said section relating to the same subject, the imposition of stamp duties upon legal documents, I think such the fair meaning and intent of those provisions. But, however this may be, I do not think it necessary to decide this question in this case.

If the summons by which this action was commenced should have had affixed to it a revenue stamp of 50 cents, I think it too late to raise that question in a court of appeal.

Section 158 of said act as amended in chapter 78 of an act passed March 3, 1865, declares what shall be the penalty for the omission to put the proper stamp upon the legal document as required in section 151, and it is, that

Baird agt. Pridmore.

whoever shall make, sign or issue such instrument, document or paper, "with intent to evade the provisions of the said act, shall for said offense forfeit the sum of $50; and such instrument, document or paper shall be deemed invalid and of no effect."

The omission to put the proper stamp upon any legal document, should perhaps be deemed presumptive evidence of an intent to evade the statute, but nothing more. The paper is not void, but voidable for such omission, and I think the party who has omitted to put the proper stamp upon the document, may and must have an opportunity to repel such presumption before he is subject to the penalty of the act, and before the instrument or document shall be held invalid.

The objection to the summons in this case, if valid, should have been made before the justice on the return day of the summons. The plaintiff might then have obviated the objection and satisfied the justice that the omission to put a stamp upon the summons proceeded from mistake or ignorance of the fact that one was required, and not from intent to evade the statute. Upon such proof I think the justice might have allowed the proper stamp to be then affixed to the summons. If the same question had arisen in this court, I think it would or should have allowed the proper stamp to be affixed to the summons in such case *nunc pro tunc*.

By omitting to make this objection before the justice, and before judgment, the plaintiff has lost the opportunity to rectify the mistake, and for this reason I think the defendant should be deemed to have waived the objection.

After judgment I think such an objection to the summons should not be listened to in any court.

The constitutionality of the internal revenue act it seems to me is too clear for discussion. The power of congress to impose taxes for the support of government is undoubted; and while taxes are imposed for revenue purposes only, the discretion of the national legislature on the subject of taxation, cannot be reviewed in the courts of justice.

The judgment should be affirmed.