### COLE *vs.* BELL and others.

The act of congress, passed in 1864, entitled "An act to provide internal reve-
nue for the support of the government," was intended to impose a stamp
duty upon all writs and *other process* issued by a justice of the peace, when
the amount claimed is one hundred dollars, or over. It therefore embraces
a summons.

Where the notice of appeal from a judgment of a justice of the peace, though
specifying several grounds of error, did not specify the want of a stamp
upon the summons as one of them; *Held* that as the objection involved a
question of jurisdiction, it was not waived by the notice of appeal, but could
be raised at any time during the progress of the action.

No objection can be urged on the argument of the appeal, to the notice of ap-
peal, because no revenue stamp was put upon it. Such objection can only
arise on a motion to dismiss the appeal.

APPEAL from a judgment of the county court of Ulster county.

This action was brought before a justice of the peace of Ulster county, by summons, in which the plaintiff claimed damages to the amount of two hundred dollars or under. Upon the return of the summons the defendant appeared and objected to the summons upon the ground that it was "lacking revenue stamps, said summons claiming over one hundred dollars." The summons had no stamp upon it, and the justice overruled the objection. The defendant refused to answer, and withdrew from the action. The plaintiff complained upon a promissory note, and a trial was had, which resulted in a judgment in favor of the plaintiff for the amount of the note and costs, being $75.15. Some other proceedings were had, prior to the complaint being put in, which are not necessary to be stated.

The defendant appealed from the judgment to the county court. The notice of appeal, which was not stamped, specified several grounds of error ; but did not state the want of a stamp as one of them. The county court, upon argument, affirmed the judgment, and the defendant appealed to the general term of the Supreme Court.

*T. R. Westbrook,* for the appellant.

*J. E. Van Etten,* for the respondent.

MILLER, J.   I think that the act of congress, passed in 1864, entitled "An act to provide internal revenue for the support of the government," was intended to impose a stamp duty upon all writs and other process issued by a justice of the peace, when the amount claimed is $100 or over.   (*U. S. Stat. at Large,* 1863 *and* 1864, 291, 292, §§ 151, 201, *schedule B.*)

The act cited first provides for the payment of a stamp duty upon any "writ or other original process by which any writ is commenced in a court of record."   It then enacts, that "when the amount claimed in a *writ* issued by a court not of record is one hundred dollars or over," it shall pay a stamp duty.   It subsequently qualifies the preceding enactment by a proviso that "no writ, summons or other process, issued by and returnable to a justice of the peace, except as *hereinbefore provided,*" &c. shall be subject to the payment of stamp duties.

The act is somewhat obscure, in the provisions cited, and not very carefully drawn, thereby rendering its construction a matter of no little difficulty.   The general tenor and object of the provisions of the act referred to, appears to be, to impose a stamp duty on legal process.   And although some criticism may be made upon the employment of the word *writ,* in the second clause cited, as well as its general phraseology, yet I am inclined to think that taken in connection with the preceding clause and the subsequent proviso, it was not used by the law makers as a word of limitation, so as to confine its application to that class of process issued by justices of the peace, in a technical sense.   It would rather seem to me that the second clause was intended, in view of what subsequently follows, as a mere qualification of the first, in reference to writs not in a court of record, and embraces

Cole *v.* Bell.

other process, as well as writs. This construction is supported, I think, by the proviso afterwards, which includes all process "except as hereinbefore provided."

If a "summons or other process" issued by a justice of the peace, was not included there, there would have been no necessity for employing the words last mentioned. It may also be said with some force, I think, that if the preceding clause contained no provision requiring a summons to be stamped, there was no necessity for saying that "except as before provided," a summons need not be stamped.

The authorities upon the question considered are somewhat conflicting; but the only general term decision where the question has been directly presented, holds that a stamp is essential in a case like the one at bar, and that the act is constitutional. (*Baird* v. *Pridmore*, 31 *How. Pr.* 359.) This is decisive, and disposes of the point in favor of the appellant.

It is urged that the point discussed is waived by the notice of appeal, which does not specify the objection taken to the stamp as a ground of error.

The authorities are somewhat conflicting upon the question whether any grounds can be urged besides those which are incorporated in the notice. (*Forman* v. *Forman*, 17 *How. Pr.* 255. *Irwin* v. *Muir*, 13 *id.* 409. *Derby* v. *Hannin*, 15 *id.* 32. *Bush* v. *Dennison*, 14 *id.* 207.) As the point made involves a question of jurisdiction, I am inclined to think it can be raised at any time during the progress of the action ; and for this reason the objection is not a valid one.

I am also of the opinion that no objection can be legitimately urged to the notice of appeal, because no revenue stamp was put upon it, on this argument, but could only arise on a motion to dismiss the appeal. (*Armstrong* v. *Smith*, 44 *Barb.* 120.)

It is not necessary to discuss the other question made, and as there was error in the justice's court, the judgment of the justice and of the county court, must be reversed, with costs.

HOGEBOOM, J.   I think this judgment is properly reversed upon the ground stated in the foregoing opinion.   In this district it has not been supposed that the appellant was *limited* to the grounds of appeal set forth in his notice of appeal, provided other tenable objections distinctly appeared in the proceedings before the justice—such especially as were capable of being obviated.

I am further inclined to think the other ground of reversal was well taken.   There does not seem any just ground of suspicion that the application to dismiss the suit was *mala fide;* and there was certainly strong presumption for supposing the justice was a *material* if not *indispensable* witness for the defendants ; and we must be careful not to give to this statute so strict a construction as to deprive it of all substantial value.

INGALLS, J. concurred.

Judgment reversed.

[ALBANY GENERAL TERM, December 17, 1866.   *Miller, Ingalls* and *Hogeboom,* Justices.]