Allen, J.
The only defence interposed was usury, upon the ground that the note was given for interest upon arrears of interest, or compound interest upon a mortgage long past due, held by the payee of the note, and payment of which was further extended upon the receipt of the note. There was no conflict in the evidence or any disputed fact; and there was no request by the defendant to go to the jury upon the *623 question, of intent, or whether the transaction was colorable and intended as an evasion of the laws prohibiting the taking of usury. The receiving of interest upon interest is not a violation of the statute of usury, as no more than seven per cent is in such cases taken or received. It is true that an agreement in advance for the payment of interest upon interest, as the same shall accrue, cannot be enforced, not because it is usurious, but for the reason that such an agreement is regarded in this State as against public policy—as one that may he made oppressive to the debtor; but a prospective agreement, after the interest has accrued, to pay interest thereon, is valid; and money paid for compound interest cannot be recovered back.
So, too, a security for interest upon interest, given after it has accumulated, and in the absence of any prior undertaking to pay it, is valid, and supported by a good consideration. The interest upon the interest is but the usual equivalent for the non-payment of the interest at the time agreed upon; and an agreement in writing to pay the interest on the arrears of interest only secures to the creditor a remuneration for that which he has lost. Chancellor Kent seems to have doubted the correctness of the last proposition, and to have decided adversely to it in Van Benschooten v. Lawson (6 J. C. R., 313); and Chancellor Walworth, in Mowry v. Bishop (5 Paige, 98), distinguished between that case and the one then before him; but the doctrine is now too well settled by authority to be questioned in this State; and a note given on settlement of an account, or a statement of interest past due on an obligation, in any form, for compound interest, is not usurious. (State of Connecticut v. Jackson, 1 J. C. R., 13; Le Grange v. Hamilton, 4 T. R., 613 ; S. C. [in Exch. Ch.], 2 H. Bl., 144; Kellogg v. Hickock, 1 Wend., 521; Platts v. Walrath, H. & Den. Sup., 59 ; Townsend v. Corning, 1 Barb., 627; Tylee v. Yates, 3 id., 222; Ritter v. Phillips, MS. Op. of Folger, J.)
There was no assertion of a right to counter-claim for the amount alleged to have been paid for interest prior to the *624 giving of' the note, and for which no allowance was then made; nor was it claimed upon the trial that the same was designedly omitted from the settlement, with a view to secure more than the legal rate of interest, or an illegal compensation for forbearing and giving day of payment on the mortgage ; neither was there a request to submit such question to the jury. The evidence was that that was left for future adjustment by the parties; and a part of the amount claimed to have been paid as interest had been refunded to the party paying it before the not was given.
There was no dispute or question as to the facts which the defendant asked to be submitted to the jury; and if there was any inference to be drawn by the jury from them or the circumstances of the case, the attention of the court should have been called to it by the defendant; and not having, done so, he cannot now claim that there was error in taking the case from the jury.
But upon all the evidence the case was well disposed of at the circuit, and the judgment must be affirmed.
All concur except G-boveb, J., not voting.
Judgment affirmed.