Loid H. Redman, Plaintiff in Error, v. Samuel S. Hampton, Defendant in Error.

**St. Louis Court of Appeals, May 31, 1887.**

1. Contracts — Failure of Consideration — Pleading — Limitations. — A plea of part failure of consideration is a plea arising out of the contract sought to be enforced, and can not be met by a reply of the statute of limitations.

2. —— Back Interest. — A promise to pay back interest must be supported by an independent consideration, and, to be enforceable under the statute, where the rate is greater than the statutory rate, must be evidenced by a writing.

Error to the Ralls County Circuit Court, Theo. Brace, Judge.

*Reversed and remanded.*

Bristow & Lighter, for the plaintiff in error: The defence of the statute of limitations may be taken advantage of either by demurrer or plea. *Savage v. Allen*, 34 Mo. 224; *Boyce v. Christy*, 47 Mo. 70; *Wynn v. Cory*, 48 Mo. 346; *Rogers v. Brown*, 61 Mo. 187. The promise to give a credit on the note was void, not being

in writing. Rev. Stat., sects. 3230, 3248; *Chambers v. Rubey*, 47 Mo. 100. There was no accord and satisfaction. *Goff v. Mulholland*, 28 Mo. 397.

TORREY & GIVAN, with J. C. PIERSOL and J. P. WOOD, for the defendant in error: A part failure of consideration is not in the nature of a counter-claim, or set-off. *Carpenter v. Meyers*, 32 Mo. 213; *Voss v. McGuire*, 18 Mo. App. 482. The testimony in support of the plea of part failure of consideration was properly admitted. *Dennison v. Bacon*, 10 Johns. 198; *Miller v. Ritz*, 3 E. D. Smith, 253; *Hill v. Enders*, 19 Ill. 163; *Colgrove v. Rockwell*, 24 Conn. 584; *Smith v. Carter*, 26 Wis. 283; *Hibbard v. Galusha*, 23 Wis. 398; *Peterson v. Johnson*, 22 Wis. 21. It may be true, that "if this debt had not been paid, or settled, as claimed by the defendant, it was barred by the statute of limitations," but to get the benefit of it, he must, when sued on it, avail himself of it, either by a demurrer or plea. *Boyce v. Christy*, 47 Mo. 70; *Wynn v. Cory*, 48 Mo. 346.

LEWIS, P. J., delivered the opinion of the court.

The petition shows that, on January 1, 1875, the plaintiff bargained and sold to the defendant certain lands, for which the defendant paid him nine hundred dollars in cash, and gave his three promissory notes, each for six hundred and forty dollars, at two, three, and four years, with interest at ten per cent. per annum, to be compounded annually. Credits are indorsed on the first note for payments made in the years 1878, 1879, 1881, and 1882, amounting in all to $640.88. Judgment is prayed for the amount remaining due on the notes, with a vendor's lien upon the lands. The defendant's answer admits the making of the notes, and the purchase of the land, but alleges that, at the time of that transaction, the plaintiff was indebted to him in an amount between six hundred and seven hundred dollars, on account of the defendant's interest in certain cattle,

which the plaintiff had, before that time, sold, as administrator of the estate of Christy Gentry, deceased ; that it was, then and there, agreed between the parties that the amount of said indebtedness, whenever the same could be ascertained, should be treated as a part payment for the land, and should be entered as a credit upon the notes, on the day of their date ; that it was in consideration of the plaintiff's promise and undertaking to this effect, that the defendant was induced to sign and deliver the notes ; that the defendant has frequently requested the plaintiff to enter said credit on the notes, as a payment of so much of the purchase money for the land, and offered to pay the plaintiff the remainder due on said notes, but the plaintiff has uniformly refused to enter the credit, or to accept said residue in settlement and deliver to the defendant a deed for the land, in accordance with the contract.

The plaintiff replied, denying the new facts set up in the answer, and adding the following : "And, the plaintiff, further replying to said answer of the defendant, says : that, at and before the purchase of said land, by the defendant from the plaintiff, as in the plaintiff's petition set out, and long prior thereto, the defendant was indebted to and owed the plaintiff a much greater sum of money than the amount of six hundred dollars, or seven hundred dollars, as claimed in the defendant's answer as owing him by the plaintiff, for goods, chattels, stock, and personal property, bought by the defendant, for himself, and for others, for which he, the defendant, promised and agreed to pay the plaintiff at the said sale of Christy Gentry's personal estate, as stated in the defendant's answer, on or about the eighth day of October, 1867, and for divers and sundry other sums of money owing from the defendant to the plaintiff, for personal property, previously sold by the plaintiff to the defendant, and for money laid out and expended by the plaintiff for the defendant, at his request, and for the services of the plaintiff's jack to the defendant's mares, at the

defendant's request, aggregating a greater sum than the alleged indebtedness of the plaintiff, as claimed by the defendant, and the plaintiff and the defendant, long before the purchase by the defendant of the said land from the plaintiff, had agreed to settle and off-set the mutual indebtedness, which had previously existed between them, and the same had been, by the plaintiff and the defendant, mutually cancelled and discharged; and, further replying to the defendant's said answer, avers and says that the alleged indebtedness, set up and averred in the defendant's said answer, from the plaintiff to the defendant, was, and is, as set out in the defendant's said answer, upon a simple contract, obligation, or liability, and not in writing, or not evidenced by any writing, sealed or unsealed, and the same did not accrue, and the defendant's cause of action, or pretended cause of action, did not accrue within five years next before the first day of January, 1875, the date of the purchase of the said land, and the date of the execution of said notes, and the said cause of action, or, the pretended cause of action, of the defendant, did not accrue within five years next before the thirty-first day of December, 1884, the date of the commencement of this suit, and the same did not accrue within five years next before the first day of June, 1885, the date of filing of the defendant's said answer in said suit; and the plaintiff further replying, avers that the defendant's pretended defence, and the facts and pretended facts, and the cause of action, or the pretended cause of action, being founded, or pretended to be founded, upon a contract, or pretended contract, or agreement, not in writing, either sealed or unsealed, the cause of action, if any there was, or ever had existed, had not, on the said first day of January, 1875, the date of the purchase of said land by the defendant of the plaintiff, and the date of the alleged agreement, averred in the defendant's answer, accrued within five years next before said date, and the alleged or averred agreement, acknowledgment,

or promise, as set out in the defendant's answer, as made by and between the plaintiff and the defendant, if any such ever was made, and based upon, and founded upon, a cause of action, or pretended cause of action, founded on a simple contract, not in writing, the cause of action, or pretended cause, had not then accrued within five years next before said date, and which said new acknowledgment, or promise, was, and is, not made, or contained by, or in, some writing, subscribed or signed by the plaintiff; and the plaintiff, further replying, says that the pretended agreement as set up in the defendant's answer, alleged and averred to have been made by and between the plaintiff and the defendant, is not in writing, nor signed by the plaintiff; and any cause of action, if ever there was any, did not accrue to the defendant within five years next before the filing of the defendant's said answer in this suit.

"And the defendant, further replying, avers that the said pretended defence of the defendant, if there ever existed any, is barred by statutes of limitation of the state of Missouri, and by law, and no cause of action or defence can, or ought to, be had or maintained upon said pretended defence."

Upon the defendant's motion, this part of the reply was stricken out by the court, and the plaintiff here claims that there was error in so doing.

All the eliminated allegations of the reply proceed upon the plaintiff's theory, that the defence to which they respond is in the nature of a set-off or counter-claim. But this results from an unauthorized interpretation of the pleading. The answer distinctly sets up the plaintiff's undertaking to enter certain credits on the notes as soon as the proper amounts could be ascertained, as a part of the consideration for which the notes were given. The defence, therefore, was part failure of consideration. This defence could not be met by either an averment of cross-indebtedness, the statute of frauds, or the statutes of limitation. It attacked the inherent

binding force of the notes themselves, and neither a previous indebtedness, the absence of a writing, nor the lapse of time, could in any way impair its efficacy. So much of the reply, therefore, as undertook thus to neutralize the defence, was properly stricken out.

There was ample testimony to the effect that, when the notes were executed the defendant stipulated for a credit on account of the cattle money, to be computed with interest up to the date of the notes, and so entered as a credit thereon of the same date; that the plaintiff agreed to this, but said it would be impossible to ascertain the correct amount without a visit to the county seat; that he must first go to Jefferson City, as a member of the General Assembly, and that, upon his return, he would immediately find, from the record, the amount proper to be credited, and would enter the same on the notes, as of the date of their execution; that, expressly upon this consideration, the defendant signed the notes for the full amount of the purchase money, after deducting the cash payment. The plaintiff testified that no such agreement or understanding was had. The defendant's account was corroborated by other witnesses, and the court found the issue in his favor. We can discover nothing in the record to impeach the propriety of the general finding on this issue. But the manner in which the finding was carried out, in the particulars of the final decree, is open to serious criticism. It thus appears that the court, by its judgment, enforced the plaintiff's parol undertaking to pay interest at the rate of ten per cent. per annum. This was directly violative of the statute, which requires that all contracts for the payment of interest at a greater rate than six per cent. must be in writing. Rev. Stat., sects. 2723, 2724. The legal consequences are the same, in this case, as if it were a suit against the plaintiff to compel payment of the amount which is here to be deducted from the notes. This consideration impeaches only the rate of the interest. But there is another difficulty of more sweeping

effect. The statute sanctions an obligation to pay in-
terest on money "for the forbearance of payment
whereof an express promise to pay interest has been
made." Yet the defendant can claim nothing under
this provision on account of the plaintiff's alleged pro-
mise, made at the sale of the cattle, in 1867. The theory
on which this case was tried, and particularly the defend-
ant's course of proceeding, distinctly repudiated that
promise as forming any element of the defence. As a
promise creating a liability, it would have been barred
by limitation. But the defendant procured the plea of
limitation to be stricken out, on the ground that the
whole defence rested upon the promise made when the
notes were executed, the breach whereof constituted a
part failure of consideration. The plaintiff's liability
for interest, if any existed, rested solely on what occur-
red at the making of the notes. His then undertaking
to pay interest, from October, 1867, was purely retro-
spective, and not enforceable by law. The very es-
sence of the contract obligation to pay interest is the
agreement for forbearance on the part of the creditor.
It is inconceivable that parties can stipulate for a for-
bearance during years that have already elapsed. *Van
Benschooten v. Lawson*, 6 Johns. Ch. 315 ; *Connecticut
v. Jackson*, 1 Johns. Ch. 13 ; *Wilcox v. Howland*, 23
Pick. 167 ; *Toll v. Miller*, 11 Paige, 228 ; *Forman v.
Forman*, 17 How. Pr. 255 ; *Kennon v. Dickens*,
Cam. & M. (N. C.) 357 ; *Childers v. Deane*, 4 Rand.
406 ; *Kellogg v. Hickok*, 1 Wend. 521. It results that
the only tenable claim of the defendant was for the
original amount of his share in the cattle money, with
interest from the date of the notes, when the plaintiff
made the promise by way of partial consideration for
them. As there was no writing, the rate must be six
per cent., in conformity with the statute. There is no
authority in the record for compounding the interest
annually. The only hint of any thing like it appears in
the statement that the plaintiff would allow the same

interest that was to be paid by purchasers at the sale. But what interest the purchasers were to pay nowhere appears. In addition to this, there can be no valid contract for compounding interest, without a writing. Rev. Stat., sect. 2728.

The judgment will be reversed and the cause remanded for proceedings in conformity with this opinion. All the judges concur.