THE STATE OF CONNECTICUT *against* JACKSON.

Interest upon interest, or *compound interest,* is never allowed, unless in special cases ; as where there is a settlement of accounts between the parties after interest has become due, or there has been an agreement for that purpose subsequent to the original contract ; or a master's report, computing the amount of principal and interest, has been confirmed.

THE *report of the master,* to whom it had been referred to compute the amount of principal and interest due on the bond and mortgage executed by the defendant, contained a calculation allowing compound interest, or interest upon interest, without any special agreement of the parties, or any settlement of accounts. (*a*)

(*a*)  The calculation of the master was as follows :

| | | |
|---|---:|---:|
| Bond, | $25,000 | |
| Interest to 5th *March,* 1806, | 2,262 | 50 |
| | $27,262 | 50 |
| 1806, *March* 5th, paid | 1,220 | |
| | $26,042 | 50 |
| Interest to 11th *March,* 1806, is 2 months and 6 days, | 286 | 46 |
| | $26,328 | 96 |
| 11th *March,* 1806, payment | 834 | 64 |
| | $25,494 | 32 |
| Interest to the 15th *June,* 1808, 2 years, 1 month, and 4 days, | 3,203 | 86 |
| | $28,698 | 18 |
| 1808, 15th *June,* payments of *May* and *July,* | 458 | 96 |
| | $28,239 | 22 |
| Interest to the 12th *October,* 1808, being 3 months and 27 days, | 550 | 64 |
| | $28,789 | 86 |
| 1808, 12th *October,* payment | 850 | |
| | $27,939 | 86 |
| Interest to this day, (*April* 22, 1814,) 5 years, 6 months, and 10 days, | 9,266 | 61 |
| Amount due, | $37,206 | 47 |

1814.

CONNECTICUT.
v.
JACKSON.

*Sedgwick*, for the plaintiff, moved that the report be con-firmed.

THE CHANCELLOR.   This allowance of compound inte-rest is inadmissible, and the report must be sent back to the master for correction.   There are cases in which interest is considered as changed into principal, and permitted to carry interest; as where a settlement of accounts takes place after interest has become due, or an agreement is then made that the interest due shall carry interest, or the principal and in-terest are computed in a master's report, and the same is confirmed.   But, except in some such special cases, interest upon interest is not allowed, and the uniform course of the decisions is against it, as being a hard and oppressive exac-tion, and tending to usury.   Even an original agreement, at the time of the loan or contract, that if interest be not paid at the end of the year, it shall be deemed principal, and car-ry interest, will not be recognised as valid.   Such a provision would not amount to usury, so as to render the contract con-nected with it illegal and void at law; (*Le Grange* v. *Ha-milton*, 4 *Term Rep.* 613.  2 *H. Black.* 144.;) but this court, certainly, and, perhaps, a court of law, would not give effect to such a provision.

It will be useful to look into the decisions on this question of compound interest.

As early as the case of *Davis* v. *Higford*, 4 *Car.* I., (1 *Chan. Rep.* 15.,) the court laid down the rule that inte-rest upon interest was not allowed; and that has been the general language of the court of chancery down to this day, with but few exceptions.   In *Smith* v. *Pemberton*, 17 *Car.* II., (1 *Chan. Cases*, 67.,) an exception was allowed in favour of the assignee of a mortgage, and the amount of the princi-pal and interest, really and *bona fide* due, and paid by him, was allowed to carry interest.   The entire sum was consider-ed as principal.   But this case was afterwards overruled in *Potter* v. *Hubbell*, 24 *Car.* II., (2 *Chan. Rep.* 44. 3 *Chan.*

*Rep.* 43.,) for it was there decided, by Lord Chancellor
*Shaftesbury*, assisted by the Judges *Vaughan* and *Rainsford*,
that the assignee of a mortgagee ought not to be in a better
condition than the mortgagee, and no interest was allowed but
on the original principal sum.    Afterwards, in *Macclesfield*
v. *Fitton*, 36 *Car.* II., (1 *Vern.* 168.,) the Lord Keeper ex-
pressed his disapprobation of this precedent, and said that
the allowance of interest on interest, in the case of an as-
signee of the mortgagee, was reasonable.  It does not appear,
however, that he ventured to overrule it, though, in the sub-
sequent case of *Gladman* v. *Henchman*, (2 *Vern.* 135.,) such
interest was allowed ; and the loose *dicta* in the ancient books
are contradictory on the point. (1 *Chan. Cas.* 256. 1 *Free-*
*man's Rep.* 303. 2 *Freeman's Rep.* 142.)   Perhaps, there-
fore, it may be considered as a doubtful question, on the
ground of these ancient authorities, whether the assignee of a
mortgagee, on a bill to redeem, be not entitled to interest on
the whole sum which he paid.    Nor are the imperfect cases,
in the reign of *Charles* II., uniform or consistent, even on
the general question whether compound interest can be al-
lowed, for the *dicta* are both ways. (2 *Chan. Rep.* 148,
*Bradbury* v. *Bucks.*  2 *Chan. Cases*, 147.  *Howard* v.
*Harris.*  1 *Chan. Cases*, 256.  *Chamberlain* v. *Chamber-*
*lain.*  2 *Freeman's Rep.* 142. *Anonymous*, in favour of,
and 2 *Chan. Cases*, 153. *Ranelagh* v. *Thornhil*, against
such interest.)   But those cases are too loose, and imperfect-
ly reported, to be deemed of authority ; and the cases since
the *English* revolution, in 1688, have established, beyond
controversy, the general rule which has been mentioned, and
those cases are so well reported, and have the sanction of
such eminent names, as to be entitled to confidence.

In *Chesterfield* v. *Cromwell*, in 1701, (1 *Eq. Cas. Abr.*
287. B.,) Lord Keeper *Wright* admitted the general rule,
that interest could not carry interest, but held that, in some
cases, it would be injustice not to regard the interest due as
principal ; as where the defendant's mother, with her assent.

1814.

CONNECTICUT
v.
JACKSON.

1814.

CONNECTICUT
v.
JACKSON.

(she being near of age,) stated an account of the interest long in arrears, and the account was fair, and the settlement necessary for the infant's maintenance. In *Brown* v. *Backham*, 1720, (1 *P. Wms.* 652.,) Lord Chancellor *Parker* questioned whether, if the mortgagor ever signed an account, admitting so much due for interest, it would make the interest principal, as it did not show an agreement for that purpose, and he thought a writing would be requisite. And in *Waring* v. *Cunliffe*, (1 *Ves.* jun. 99.,) Lord *Thurlow* said, that he found the court of chancery in the constant habit of thinking that interest ought not to carry interest, and that he must overturn all the proceedings of that court, if he allowed it. In short, chancery will not allow compound interest, unless where there is the settlement of an account between the parties after the interest has become due; or there has been an agreement for that purpose, subsequent to the original contract, or where the master's report, computing the sum due for principal and interest, is confirmed; for it is then in the nature of a judgment. (*Mosely*, 27. 246. 2 *Ves.* 471. 1 *P. Wms.* 652.) The cases and language in the books are clear in acknowledging the rule, that even an agreement made at the time of the original contract, to allow interest upon interest, as it should become due, is not to be supported. (*Lord Ossulston* v. *Lord Yarmouth*, 2 *Salk.* 449. Case of *Sir Thomas Meers*, cited in *Cases Temp. Talbot*, 40. and 1 *Atk.* 304. Lord *Eldon*, in *Chambers* v. *Goldwin*, 9 *Ves.* 271.)

This review of the current of decisions shows the existence of the general principle, and the exceptions and limitations by which it is attended. And though creditors will be very apt to think, with Lord *Thurlow*, that there is nothing unjust in compelling a debtor, who neglects to pay interest when it becomes due, to pay interest upon that interest, yet the wisdom of our law has ordained otherwise. The *Roman* law was constant in its condemnation of compound interest. *Nullo modo usuræ usurarum a debitoribus exi-*

*gantur*, *et veteribus quidem legibus constitutum fuerat*, &c. (*Code* 4. 32. 28. *Voet. Com. ad Pand.* lib. 22. tit. 1. pl. 20.) And it appears to me that this provision in the law is not destitute of reason and sound policy. Interest upon interest, promptly and incessantly accruing, would, as a general rule, become harsh and oppressive. Debt would accumulate with a rapidity beyond all ordinary calculation and endurance. Common business cannot sustain such overwhelming accumulation. It would tend also to inflame the avarice, and harden the heart of the creditor. Some allowance must be made for the indolence of mankind, and the casualties and delays incident to the best regulated industry; and the law is reasonable and humane which gives to the debtor's infirmity, or want of precise punctuality, some relief in the same infirmity of the creditor. If the one does not pay his interest to the uttermost farthing, at the very moment it falls due, the other will equally fail to demand it with punctuality. He can, however, demand it, and turn it into principal, when he pleases; and we may safely leave this benefit to rest upon his own vigilance or his own indulgence. *Huberus* says, that neither the law of benevolence, nor of public utility, will permit interest upon interest. *Sed lex charitatis et publicæ utilitatis non patitur, ut mutui debitor, qui in mora solvendi usuram ob angustiam rei pecuniariæ deprehenditur, nova usura adfligatur, qua re familiæ ad incitas rediguntur; ideoque legibus sub poena infamiæ prohibetur. Imo nec si consenserit debitor, ut usura commissa in sortem transferatur, vel obligationi principali adjiciatur, licita est usura.* (*Prælec. Juris. Rom.* lib. 22. tit. 1. 6.)

The rule for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be

1814.

CONNECTICUT
v.
JACKSON.

*Rule for casting interest, where partial payments are made.*

taken to augment the principal ; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal ; and interest is to be computed on the balance, as aforesaid.

· Let the master, therefore, take back the report, and correct the calculation.(*a*)

(*a*) Vide *Raphael* v. *Boehm*, (11 *Vesey*, jun. 93.) In the case of *Lewis'* *executor* v. *Bacon's legatee*, (3 *Hening* and *Munford's Rep.* 89. 116.,) where an *interest account* was stated, and a balance struck, and carried to the *debit* of the party in a new account, and interest charged on the balance, the supreme court of appeals, in *Virginia*, held it to be *compound* interest, and refused to allow it.