### Mowry vs. Bishop and others.

A promissory note, payable one year after date, with interest to be paid quarter yearly, is valid.

The making of the interest on a loan of money, payable semi-annually, or quarter yearly, and before the principal sum becomes due, does not render the security taken on such loan usurious.

An agreement to pay interest upon the interest which may thereafter accrue, cannot be enforced, although it does not render the contract for the loan usurious; but an agreement to pay interest on arrears of interest which have already become due is valid. And if compound interest is voluntarily paid by the debtor, it cannot be recovered back.

March 3. THIS cause came before the court upon an exception to the report of a master, allowing the first exception to the joint and several answers of the defendants, for insufficiency. The question involved in the decision was the materiality of an

1835.

Mowry
v.
Bishop.

allegation in the complainant's bill, which, as he insisted, was not fully answered. One object of the bill was, to obtain satisfaction out of the estate of I. Bishop, deceased, of the amount of a note given by him and by his brother A. Bishop, to the complainant, for a debt due from the latter. The allegation in this part of the bill was, that on the day of the giving the note, A. Bishop became indebted to the complainant in the just and full sum of $1000; and that for securing that sum, he and his brother I. Bishop made and delivered to the complainant their joint and several promissory note for that sum, bearing date on the same day, payable one year after date, with interest thereon to be paid quarter yearly. To this allegation of the bill, the defendants, who were not charged with any personal knowledge of the transaction, answered that they did not know, but from information they believed and admitted, that on or about the time mentioned in the bill, A. Bishop became indebted to the complainant, and that to secure the payment of such debt, he and I. Bishop, his brother, executed their joint and several promissory note to the complainant for the sum of $1000, bearing date and payable as stated and set forth in the complainant's bill. But in another part of their answers, the defendants insisted that the reservation of the interest on the note payable quarterly rendered it usurious and void; and they alleged that the interest was not in fact paid quarter yearly, but at the end of a year, or some other longer period of time; and that when such interest was paid, compound interest was computed and received, from the several times when the interest became payable by the terms of the note. The complainant excepted to the answers, because the defendants had not stated or set forth in what sum A. Bishop was indebted to the complainant at the time of giving the note, or whether or not he was indebted in the sum of $1000, as stated in the bill. A specific answer as to the actual amount of the original indebtedness of A. Bishop was deemed material by the complainant's counsel, on account of the supposed usury appearing upon the face of the note, in making the interest payable quarterly instead of reserving interest to be paid when the principal of the note should become due.

*I. Williams,* for the complainant.

*J. Holmes,* for the defendants.

THE CHANCELLOR. There is no pretence, on the part of the defendants in this case, that the note for $1000 was without consideration, or that, by mistake, or otherwise, it was given for a greater amount than was actually due. And the note itself, which is admitted by the answer, if it is not usurious upon its face, is prima facie evidence of indebtedness to the full amount of the principal sum secured thereby. A further answer as to the precise amount of the original indebtedness of A. Bishop, is therefore unnecessary and immaterial to the establishment of the rights of the complainant, unless the reservation of interest upon the note to be paid quarterly, instead of being made payable at the expiration of the year, renders the note usurious and void. But if the note is void, the amount of the original indebtedness of A. Bishop, for the security of which the note was given, may become a legitimate subject of inquiry in the progress of the suit, in connection with subsequent transactions stated in the complainant's bill; and the answers in this respect are insufficient. It becomes necessary, therefore, to examine the question as to the construction of the statute of usury, in determining upon the validity of the first exception to the answer.

It is insisted, on the part of the defendants, that by making the interest payable quarterly, and before the principal sum becomes due, the payee of the note receives more than seven per cent. for the use of his money for the year; and that the words *after that rate for a longer or shorter time,* in the statute of usury, (1 *R. L. of* 1813, *p.* 64,) refer to the whole time for which the principal sum is loaned or agreed to be forborne. If the construction contended for is the true construction of the statutes of usury, not only the community at large, but the legal profession and the courts, have long been in an error on this subject; as in most of the loans of money upon bond and mortgage in our commercial cities, for many years past, the interest upon the loan has been made payable either semi-annually or quarterly. And this court for the last twenty years

has repeatedly and constantly sanctioned such investments of monies belonging to infants and others whose estates were under the protection of the court; although I am not aware that this question has ever been before presented distinctly to the consideration of the chancellor for a judicial determination thereon. Our statute in this respect, except as to the rate of interest allowed to be taken, is a transcript of the statute of 21st James 1st, ch. 17; although the legislators of modern times have not been guilty of the absurdity of tacitly sanctioning that as legal and proper among sinful men which they expressly declare to be unlawful *in point of religion and conscience.* The proviso contained in the fifth section of the statute of James, which Justice Dodridge, in the case of *Oliver v. Oliver,* (2 Roll. Rep. 469,) says, was inserted in that act to quiet the consciences of the learned bench of bishops, who would not consent to the law without such a clause, has, therefore, been omitted in the more recent statutes of usury, both in England and in this country. Many cases are found in the courts of our sister states, which have sanctioned the practice of reserving interest to be paid annually, upon loans of the principal sum for a longer time; and in several of these cases the lender has been permitted to recover interest upon the interest from the time it became due. (*See Peirce v. Rowe,* 1 *N. Hamp. Rep.* 179; *Kennon v. Dickens, Cam. & Nor. Rep.* 357; *Greenleafe v. Kellogg,* 2 *Mass. Rep.* 568.) In other cases it has been held that interest upon the annual interest could not be recovered by suit, founded upon the original contract. (*Doe v. Warren,* 7 *Greenl. Rep.* 48. *Sparks v. Garrignes,* 1 *Binney's Rep.* 165. *Hastings v. Wiswall,* 8 *Mass. Rep.* 455.) And in the case of *Forbes & Adams v. Canfield,* (3 *Ham. Ohio Rep.* 17,) where there was an agreement to pay annual interest upon the principal sum due, and the parties, after the lapse of several years, computed the interest upon the annual interest from the time it became due, and included the whole amount in a new security by way of mortgage, the supreme court of Ohio decided that the security was valid under the statute of Connecticut, which is similar to ours. The supreme court of Pennsylvania also decided, in the case of *Pawling v. Pawling,* (4 *Yeates' Rep.* 229,) that an agreement

to pay interest upon the annual interest which should not be punctually paid within three months after it became due, was a valid agreement. In this state it appears to be settled that an agreement to pay interest upon interest which may accrue after the making of such agreement, cannot be legally enforced; although it does not render the agreement usurious. This principle is merely adopted as a rule of public policy, to prevent an accumulation of compound interest in favor of negligent creditors, who do not call for the payment of their interest as it becomes due. And in the case of *Van Benschooten* v. *Lawson*, (6 *John. Ch. Rep.* 313,) where the interest was not made payable annually, but the security was in the ordinary form, for the payment of the principal sum and interest at a particular day, Chancellor Kent refused to sanction a subsequent agreement to pay interest from a previous date, as tending to usury and oppression. It is proper to remark, however, in relation to that case, that the agreement to compute the back interest was not founded upon any previous understanding or agreement of the parties, either express or implied, that the interest as such should be punctually paid at certain fixed periods, as a consideration to the creditor for the extension of the time of payment of the principal debt. And I infer, from the language of my learned predecessor, that he would not have considered the principle adopted by him as applicable to such a case. Indeed I know of no rule of equity which can authorize this court to set aside an express agreement to pay a sum of money which is justly and conscientiously due to another, which agreement violates no rule of law, merely because the party could not, previous to such agreement, have enforced the payment of such money in a court of justice. And I agree with the judges of the supreme court of North Carolina, in the case of *Kennon* v. *Dickens*, before referred to, that when the payment of the interest at stated periods forms a part of the contract, and the payment of the principal sum is postponed to a distant period upon the faith of the agreement for a regular and punctual discharge of the interest at the times agreed upon, equity and good conscience at least requires that the debtor should fulfil his engagement, or render unto his creditor the usual equivalent for the non-payment of the periodical

interest at the times agreed upon. I conclude, therefore, that the moral obligation of the debtor to make the usual remuneration for the loss of interest which the creditor sustains by the non-fulfilment of his contract, in such a case, is a sufficient consideration to support a subsequent agreement in writing to pay the interest on such arrears of interest; and that if it is voluntarily paid by the debtor, although such payment could not have been legally enforced independent of such subsequent agreement, it never can be recovered back. This disposes of that part of the present case which relates to the actual payment of the interest on the quarterly payments. And the case of *Gladwin* v. *Hitchman*, (2 *Vern. Rep.* 135,) which was decided in the court of chancery, in England, nearly one hundred and fifty years since, and subsequent to the statute of James, in connection with the general understanding on this subject at the present day, is, I think, sufficient to settle the question that the reservation of interest, payable before the expiration of the year, is not usury under our statute. In that case a mortgage was given in 1678 for £450, payable at the end of five years, and interest thereon in the mean time, *to be paid half yearly.* The interest not being paid, the mortgage was assigned shortly before it became due, and when the principal and interest had amounted to £560; and the mortgagor was decreed to pay the whole of that sum, with interest thereon from the time of the assignment. It is true the question of usury does not appear to have been discussed in that case. But it shows the construction which was put upon the statute at that day; as it would have been a good defence, not only as to the interest upon the interest, which was claimed in that case, but as to the whole suit, that the mortgage was upon its face usurious. Mr. Justice Yeates, in the case of *Pawling* v. *Pawling*, before referred to, says it has been doubted under the statute of Pennsylvania whether interest may be made payable at shorter periods than one year. But he says, that doubt has arisen from the omission of the words *or for a longer or shorter time*, in the statute of that state; clearly showing that there could not, in his opinion, be any doubt upon the subject under the statute of James, which, as I have before said, is like our own in this respect.

The conclusion at which I have arrived in this case, there= fore, is, that the reservation of interest payable quarterly or semi-annually, upon a loan for one year or more, is not usu- rious ; and that the computation, in such a case, of interest up- on the several payments of interest after they become due, and putting them into a new security, if done fairly and with- out taking any unconscientious advantage of the situation and necessities of the debtor to compel him to agree to such com- putation, does not invalidate the new security thus taken. The answers of the defendants are therefore sufficient. The exceptions to the report of the master must be allowed, with costs ; and all the exceptions to the answers are overruled, with costs to be paid to the defendants.