BENJAMIN F. YOUNG, ADMINISTRATOR, ETC., *v.* CATHARINE T. HILL, ADMINISTRATRIX, AND OTHERS.

*Compound interest — account stated — agreement to pay compound interest implied from.*

When an account containing items of compound interest is once settled and liquidated, it constitutes an agreement to pay the amount stated as due, including such items for compound interest.

An agreement to pay interest on interest, made after the interest is due, may be implied, in this as well as in other cases.

APPEAL from a judgment at Special Term, entered on the decision of the court.

This action was tried before the court without a jury. The court found, among others, the following facts :

The plaintiff is a resident of Great Britain, and was the owner of a large amount of personal property in the United States for upwards of fifty years before 1871. Joseph Fellows, the intestate of the defendants, had had charge of the property of the said plaintiff in the United States, as sub-agent, until 1832, and for thirty-eight years, prior to 1871, said Joseph Fellows had had exclusive charge of said property as agent, taking the exclusive control thereof, and received from the said plaintiff an annual salary therefor.

On the 1st day of March, 1817, the said Joseph Fellows and one Andrew McNab executed to Robert Troup, who was then the agent of the plaintiff, their joint and several bond, under their hands and seals, conditioned to pay to the said Robert Troup $6,763, with interest at six per cent per annum from the 1st day of April, 1817, to be paid annually, and the principal to be paid in seven equal annual installments.

That during the time of his said agency said Joseph Fellows had charge of said bond, and held the same as part of the property in his hands as agent of said plaintiff. During all of said time and beginning with the date of said bond, and down to December 31, 1870, Mr. Fellows had computed the amount due thereon at compound interest at six per cent, with annual rests, and had attached said computation to said bond, and caused the same as aforesaid to be entered on the bond book kept by him as agent of the plaintiff, as a debt due from himself to said plaintiff.

In each year of his said agency, said Joseph Fellows reported to the said plaintiff the amount of plaintiff's property, so held by him as such agent. One of the items of said report was entitled "bonds in the State of New York," and contained, among other things, the amount due on said bond above mentioned, reckoned at compound interest as aforesaid, but the amount of said bond was included with other bonds, and was not returned separately.

From time to time Mr. Fellows made payments on said bond, but no payments were made thereon from December 31, 1834, to December 31, 1855. Such payments were more than sufficient to pay in full the said bond, if the amount due thereon were reckoned at simple interest, but if the same were reckoned at compound interest, there was unpaid thereon, after deducting said payments, on the 8th day of December, 1871, the sum of $39,432.73.

While Mr. Fellows was such agent as aforesaid, he had the exclusive control of the collection of debts due the plaintiff in the United States, and the plaintiff had no knowledge what debts were due him, and no knowledge that this bond debt was not paid.

During all the time Mr. Fellows was such agent of the plaintiff as aforesaid, he fully intended to pay the said bond with compound interest; and he caused said compound interest to be calculated, and charged the same against himself, as hereinbefore stated, and included the same in the liquidation hereafter mentioned, with the intention and for the purpose of creating a legal obligation to pay the same.

In May, 1871, Joseph Fellows ceased to act as agent of the plaintiff, and on the 8th day of December, 1871, an accounting was had between the plaintiff and Joseph Fellows, and an account was settled and stated between them.

The said account was reduced to writing and signed by said Fellows, and the following statement was made thereon:

" The foregoing accounts and amounts have been liquidated and settled, and the balance due to Rev. Richard T. P. Pulteney is $70,463.52, subject to the correction of any errors and omissions which may hereafter be found therein. * * *

" Dated December 8, 1871. $70,463.52.

" JOSEPH FELLOWS."

One item in the account, viz., $39,432.73, reading "Add amount due this day on Fellows & McNab bond," was the amount of said bond at compound interest, which amount was then admitted to be due by said Fellows.

On the 29th day of April, 1873, the said Joseph Fellows died, and the defendants Catharine T. Hill and Alexander Olcott were duly appointed his administrators.

And, as conclusions of law, the court found:

That the acts of said Joseph Fellows in computing compound interest on said bond, charging the same to himself on his books, reporting the same to the plaintiff as due on said bond, and including the same in said account stated, did not create a legal obligation to pay said compound interest, and that said item of $39,432.73, in the said account, was not a charge against said Joseph Fellows, and should be deducted therefrom.

*William Rumsey*, for the appellants. The rule is thoroughly settled in this State, that an account stated is conclusive upon the parties, unless the person seeking to impeach it shows fraud or mistake. (*Lockwood* v. *Thorne*, 11 N. Y., 170, 175; *Chubbuck* v. *Vernam*, 42 id., 432; *Kock* v. *Bonitz*, 4 Daly, 117; *Phillips* v. *Belden*, 2 Edw. Ch., 1.) There was a sufficient agreement on the part of Mr. Fellows to pay this compound interest. (*LeGrange* v. *Hamilton* 4 T. R., 613; S. C. affirmed, 2 H. Bl., 144; *Kellogg* v. *Hickok*, 1 Wend., 521.) And it is so since the adoption of the Code in this State, which gives law courts equity jurisdiction. (*Stewart* v. *Petree*, 55 N. Y., 621; 3 Parsons on Cont., 150, 151; *Waring* v. *Cunliffe*, 1 Ves. Jr., 99; *Camp* v. *Bates*, 11 Conn., 487, 497; *Rose* v. *Bridgeport*, 17 Conn., 243; *Mowry* v. *Bishop*, 5 Paige, 98, 102; *Fobes* v. *Cantfield*, 3 Ohio, 18; *Hollingsworth* v. *Detroit*, 3 McLean, 472, and cases cited on pp. 474–478; approved by S. C. U. S., see 17 Conn., 245, 247; *Bainbridge* v. *Wilcocks*, 1 Baldw. C. C., 536; *Watkinson* v. *Root*, 4 Ohio, 374; *Pierce* v. *Rowe*, 1 N. H., 179; *Toll* v. *Hiller*, 11 Paige, 228, 231, 232; *Niles* v. *Bd. of Comrs.*, 8 Blackf., 158, 160.) Indeed, the Court of Chancery does not hesitate to charge compound interest whenever it sees fit to do so, as in the case of trustees to accumulate (*Raphael* v. *Boehem*, 11 Ves. Jr., 92), or

agent to invest. (*Walker* v. *Walker*, 9 Wal., 744, 756). Or it has allowed or disallowed compound interest, according to the justice of each particular case. (PARKER, Ch. J., *Barrell* v. *Joy*, 16 Mass., 227.) And such a contract is not against public policy. In many cases it has been allowed. (*Mowry* v. *Bishop*, 5 Paige, 98 ; cases above cited.) The cases wherein the courts have refused to enforce the agreement to pay compound interest as against public policy, are those where the agreement was made at the time of making the original contract. (*Ossulton* v. *Yarmouth*, 2 Salk., 449 ; *Connecticut* v. *Jackson*, 1 Johns. Ch., 13 ; 3 Parsons on Cont. [5th ed.], 151 ; Story on Cont., § 1033.) And in each of the cases cited above the court says that the court will allow interest where a settlement of account takes place after interest has become due. (1 Johns. Ch., 14, 16.) And to make interest principal, it is requisite that interest be first grown due, and then an agreement concerning it may make it principal. (Lord Ch. COWPER, 2 Salk., 449.) And this manner of computing interest has been permitted and held to be proper when it is done with consent of the debtor, in the following cases : *Barclay* v. *Kennedy* (3 Wash. C. C., 350) ; *Rufford* v. *Bishop* (5 Russ. Ch. 346, 353) ; *Eaton* v. *Bell* (5 B. & Ald., 34) ; *Fobes* v. *Cantfield* (3 Ohio, 17) ; *Watkinson* v. *Root* (4 id., 374) ; *Kennon* v. *Dickens* (Cam. & Nor., 357). The stating of the account is in the nature of a new promise. (*Holmes* v. *DeCamp*, 1 Johns., 34, 36 ; 2 Greenl. Ev., § 127 ; *Connecticut* v. *Jackson*, 1 Johns. Ch., 13, 14 ; *Van Benschoten* v. *Lawson*, 6 id., 313.) It will be allowed in a case of a contract for it, either express or inferred from the nature of the dealings between the parties, from which it can be inferred that it was their intention to allow it. (*Morgan* v. *Mather*, 2 Ves. Jr., 15, 20 ; *Clancarty* v. *Latouche*, 1 Ball & Beat., 418, 429 ; *Rufford* v. *Bishop*, 5 Russ. Ch., 346 ; *Eaton* v. *Bell*, 7 E. C. L., 13 ; *Newell* v. *Jones*, 19 id., 304; *Ex parte Bevan*, 9 Ves. Jr., 223 ; *Hollingsworth* v. *Detroit*, 3 McLean, 472, 476 ; *Bainbridge* v. *Wilcocks*, Bald. C. C., 536 ; *Barclay* v. *Kennedy*, 3 Wash. C. C., 350, 352 ; *Denniston* v. *Imbrie*, id., 396, 402 ; *Howard* v. *Farley*, 3 Robt., 308 ; Story on Cont., § 1033; 3 Parsons on Cont. [5th ed.], 150 *et seq.; Mowry* v. *Bishop*, 5 Paige, 98, 102 ; *Stewart* v. *Petree*, 55 N. Y., 621, 623 ; *Howard* v. *Farley*, 3 Robt., 308 ; *Barclay* v.

*Kennedy*, 3 Wash. C. C., 350 ; cases cited *supra ; Camp* v. *Bates*, 11 Conn., 487.)

*Brown & Hadden*, for the respondent.

*Per Curiam :*

Compound interest, it is well settled in this State, is not recoverable, except upon a special agreement to pay interest upon interest after the latter has become due. This is the rule as stated by Chancellor WALWORTH in *Toll* v. *Hiller* (11 Paige, 228). Chancellor KENT states the rule more strictly, and held that it could only be recovered upon a written agreement, made after the interest upon which the agreement operates has fallen due. ( *Van Ben Schooten* v. *Lawson*, 6 Johns. Ch., 314 ; *Connecticut* v. *Jackson*, 1 id., 13.)

Legal interest is recoverable where, after a principal sum drawing interest is due, and where interest is payable upon a bond or other obligation annually, it is justly and equitably due at the end of the year ; and if the debtor, instead of paying it, gives his note or bond for it, the note or bond is clearly valid. (*Kellogg* v. *Hickok*, 1 Wend., 521 ; *Stewart* v. *Petree*, 55 N. Y., 621.)

The action must be brought upon the new agreement to pay the compound interest, and the moral obligation of the debtor to make remuneration for the loss of interest when the principal is forborne, is a sufficient consideration to support the new agreement. (*Mowry* v. *Bishop*, 5 Paige, 103.)

The learned judge at the Special Term held, in this case, that the compound interest embraced in the account stated and settled by Mr. Fellows, was not recoverable as upon a new and special agreement within the rule of the cases in this State, and that such stated account was nothing more than a mere admission of the correctness of the account.

Generally, as a question of evidence as between merchants and traders, an account stated or settled by acquiescence, without objection to it, is deemed and treated as *prima facie* correct, and is conclusive upon both parties till impeached for error, mistake, or fraud. (*Lockwood* v. *Thorne*, 18 N. Y., 292 ; *Towsley* v. *Denison*, 45 Barb., 490.)

In such case, from the admission of indebtedness involved in the settlement of such account by acquiescence, in all mercantile or

ordinary business transactions, an obligation to pay such indebtedness would universally be implied.

But since the cases require a special agreement to pay compound interest made after the simple interest has fallen due, it is insisted that such agreement cannot be implied from a mere account stated, but must be distinctly and expressly proved in writing, separately from such account stated.

But we think the account, in this case, has other and greater force than that of a mere admission of the correctness of the items embraced in it.

Upon its face, if not an express agreement by Mr. Fellows, it is evidence, we think, of an express agreement by him to pay interest upon the interest, after the interest fell due, annually on his bond.

Instead of remitting to the obligee, in his bond, the principal and interest as they fell due, Mr. Fellows, it appears, added the interest at the expiration of each year to the principal, and struck a balance, and treated such balance as a new principal sum upon interest, and being himself in possession of said bond as trustee and agent for Mr. Pulteney, he annexed to said bond, and sent to Mr. Pulteney, a stated account, from year to year, charging himself with interest upon interest — thus compounding.

In his final account, made by himself, including an account with the bond in question, and signed by him, bearing date the 8th of December, 1870, he wrote and signed a statement at the foot of said account, as follows: " The foregoing accounts and amounts have been liquidated and settled, and the balance due to Rev. Richard F. F. Pulteney is $70,463.52, subject to correction of errors and omissions which may thereafter be found therein."

This is more than an account stated. It is a " *settled* and *liquidated*" account, made, not by the *creditor* and settled by mere acquiescence, or the omission for a long time to make objection to it, but made out by the debtor himself, and expressly asserting, upon its face, that it is *settled* and *liquidated*, and that the sum of $70,463.52 is the balance due to Mr. Pulteney. This is, in legal effect, an agreement, or involves an agreement, to pay such balance, as much as if he had written, in the shape of a promissory note, to Mr. Pulteney, that the amount specified was due to him.

It is in the nature of a new agreement to pay the compound

interest embraced in such stated balance. In *Holmes* v. *De Camp* (1 Johns., 34), Chief Justice SPENCER said that " the stating of an account is regarded as a consideration for the promise, and it is in the nature of a new promise;" and in 2 Greenleaf's Evidence, section 127, the author says that " the stating of the account alters the nature of the debt, and is, in this nature, a new promise."

But, independently of the consideration that an account stated and settled becomes, in effect, and is a new agreement or evidence of a new agreement, such agreement, we think, may be *implied* to pay interest upon interest from an account stated, as much as such agreement can be implied in other cases.

There is no ground or warrant for the distinction between this class of agreements and other contracts, requiring. that this particular agreement must be in writing. (*Howard* v. *Farley*, 3 Robertson, 314.)

In *Barclay* v. *Kennedy* (3 Washington C. C., 352), the learned judge, speaking of agreements to pay compound interest, said : " If such an arrangement may be legally made by express agreement, it may be by an implied one, and accounts regularly stated and balanced, and interest added to the balance, received by the debtor and acquiesced in without objection, may fairly be considered as evidence of such agreement."

Chancellor KENT held or admitted this in principle in the leading case of *Connecticut* v. *Jackson* (1 Johns. Ch., 13), where he says that " there are cases in which interest is considered as charged to principal and permitted to carry interest, as where a settlement of accounts takes place after interest has become due."

The same principle that, where an account has been stated and a balance struck, including interest upon interest, such an account may be regarded as evidence of an agreement to pay the compound interest included in it, according to the terms and effect of the account, is asserted in *Ex parte Bevan* (9 Vesey, 224) ; *Rufford* v. *Bishop* (5 Russel, 353) ; *Eaton* v. *Bell* (7 Eng. C. L., 34) ; *Bainbridge* v. *Wilcocks* (Baldwin, 539), and in *Lord Clancarty* v. *Latouche* (1 Ball & Beatty, 429), where the lord chancellor said : " From the acquiescence of Mr. Conoly (the debtor), I ought to presume an agreement, at the end of every year, that the interest then due should become principal and carry interest."

It would obviously be a very unsafe and mischievous doctrine to hold in respect to the numerous savings and other banks in this country, which receive deposits for accumulation, and customarily cast interest on their accounts, making annual or semi-annual rests, and striking a new balance, including the interest accrued, that they are not liable to pay the interest thus compounded and entered in the pass-books of their depositors, unless, in each case, an independent express agreement, in writing, was made to pay such balance, inclusive of the accumulated interest.

The pass-book of each depositor, in such case, would contain, in the entries therein made, an account stated by the bank and binding upon it, as an express agreement, to pay the balance thus struck. And such we regard the effect of the annual statement of the accounts rendered by Mr. Fellows to his creditor, from year to year, intermediate the final account.

The fact that the result of this accumulation of interest unpaid, added to the principal, makes the debt amount to a large sum at the expiration of fifty years, cannot affect the question. It is, doubtless, true, as suggested by Chancellor KENT in *Connecticut* v. *Jackson* (1 Johns. Ch., *supra*), and by Chancellor WALWORTH in *Mowry* v. *Bishop* (5 Paige, 102), that, from motives of public policy, to prevent an accumulation of compound interest in favor of negligent creditors who do not call for the payment of interest as it becomes due, courts have been reluctant to allow compound interest, and yet where the contract calls for annual interest, as is the case with the bond of Mr. Fellows, it is held but just and equitable, as Chancellor WALWORTH says in *Toll* v. *Hiller* (*supra*), to recover interest on such interest from the time it was payable. If, as a general rule, it tends to harshness and oppression to exact such interest, as Chancellor KENT suggests in the case of *Connecticut* v. *Jackson* (*supra*), yet there are two sides to the question, and the creditor is entitled to his rights, and they cannot be denied to him upon mere considerations of sentiment. If, in this case, the account could be taken of the profits made by Mr. Fellows in the use of the money of his principal for the fifty years he withheld it, and used it for his own benefit, I think it is quite doubtful whether he would be obnoxious to the censure, bestowed by the Savior upon the servant, to whose care his Lord intrusted the one talent which

he hid in the ground, that " he ought to have put his money to the exchangers that he might receive his own when he came for it, with usury." If Mr. Fellows had deposited this money in the savings banks of this country, and received six per cent thereon semi-annually, or invested it in some of the public stocks or bonds of this State or country, where he might have received dividends from seven to ten per cent semi-annually, it is quite apparent that he would have derived and retained to himself very large profits from the use of the money, and could well afford to keep it, paying to his creditor only six per cent annually, as above stated.

It was error, we think, to strike out from the account made up by Mr. Fellows, and signed by him, the items for amount due on the Fellows & McNab bond of $39,432.73.

As this is the only item in dispute, and there can be probably no further proof given in respect to it, I think the judgment may be amended by adding that sum to the amount of the recovery, as of the date of March 1, 1875, the date of the report of the judge at Special Term, and as thus amended the judgment should be affirmed, with costs of the appeal.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment amended and modified by adding thereto the item stricken from the account rendered by Mr. Fillmore, of $39,432.73, as of the date of March 1, 1875, the date of the finding of the judge at Special Term, and as thus amended affirmed, with costs.