## HATHAWAY *v*. MEADS, ET AL.

INTEREST UPON INTEREST.—The claim to interest upon interest is regarded so far an equitable one that a note given for the payment of it will be sustained and enforced as founded upon a sufficient consideration.

APPEAL from Benton County.

*F. A. Chenoweth*, for appellant.

*J. W. Rayburn*, for respondents.

By the Court, LORD, J.:

In *Wilcox* v. *Howland*, 23 Pick., 169, it was decided that a promissory note given for the payment of interest upon interest which had previously become due, was valid. That is this case. The claim to interest upon interest seems to be regarded by the authorities as so far an equitable one that a note given for the payment of it will be sustained and enforced as founded upon a sufficient consideration. (*Camp*

v. *Bates*, 11 Conn., 488; *Rose* v. *Bridgeford*, 17 Conn., 246; *Meeker* v. *Hill*, 23 *id.*, 577; *Moury* v. *Bishop*, 5 Paige, 98; *Forbes* v. *Caufield*, 3 Ham., [Ohio,] 17.) So, too, a security for interest upon interest, given after it has accumulated in the absence of any prior undertaking to pay it, is valid, and supported by a good consideration. The interest upon interest is but the usual equivalent for the non-payment of the interest at the time agreed upon; and an agreement in writing to pay the interest on the arrears of interest, only secures to the creditor a remuneration for that which he has lost. (Allen, J., in *Stewart* v. *Petree*, 55 N. Y., 623, and authorities cited; see also *Knowlton* v. *Sewall*, 10 Allen, 34.) The judgment must be reversed.

Judgment reversed.