JAMES J. BLOOMER AND JOHN B. SULLIVAN, AS EXECU-
TORS, ETC., OF JOHN SULLIVAN, DECEASED, APPELLANTS,
*v.* PATRICK McINERNEY AND JOHN MOORE, IMPLEADED
WITH OTHERS, RESPONDENTS.

*Usury — construction of an agreement to pay interest in advance — when such an
agreement is not usurious.*

March 27, 1876, the defendant executed and delivered a bond and mortgage
conditioned for the payment of $1,500 in one year from date, with interest
"semi- annually in advance." In an action to foreclose the mortgage the
defendant claimed that the agreement to pay the interest in advance rendered
the instrument usurious and void. It was found that the agreement was
entered into in good faith, without intent to evade the statute, and that the
parties did not intend to pay or receive, nor did they suppose or believe that
the instrument provided for the payment or reception of usurious interest.

*Held,* that as there was no agreement to pay any precise sum the instruments
should be construed as providing for the payment of such an amount only as
could be legally and lawfully charged, that is, of the sum of fifty dollars and
seventy-two cents, and not of fifty-two dollars and fifty cents at the commence-
ment of each period of six months.

That even if this were not so, the well established rule authorizing interest and
not discount to be deducted from commercial paper having a short time to run
should be applied to these instruments, and that within that rule the agreement
to pay full interest in advance was lawful.

APPEAL from a judgment in favor of the defendants, entered upon
the trial of this action by the court without a jury.

*J. McGuire,* for the appellants.

*Walter Lloyd Smith,* for the respondents.

LEARNED, P. J. :

This is an action to foreclose a bond and mortgage. The first
and most important question is, whether the bond and mortgage are
on the face usurious. It is found, and correctly found, that the par-
ties to the instruments did not know or suppose or believe that the
agreement therein contained was an agreement to pay more than
lawful interest; that the borrower had no intention to pay, and the
lender no intention to accept more than lawful interest. There was,
then, no device or artifice to evade the statute. And the question

is simply whether this contract, thus made in good faith, must, by its terms, be held to be usurious.

The bond in suit was made March 27, 1876, by Patrick McInerny to John Sullivan, conditioned to pay $1,500 in one year from date, "with interest semi-annually in advance." The mortgage is to the same effect. And the defendant contends that these instruments are usurious by reason of the words "in advance."

The court held that by these words the plaintiff could have received, if the conditions had been performed by the mortgagor, three dollars and sixty-eight cents in excess of seven per cent, and that the bond and mortgage were therefore usurious.

In saying that the plaintiff would have received three dollars and sixty-eight cents in excess of seven per cent the learned court probably did not mean that that amount would be actually received by the mortgagee, because the agreement was only for interest, that is interest at seven per cent. And all the interest which the mortgagor agreed to pay would be at the most $105. But the learned court probably meant that, as this amount was to be paid in advance, the mortgagee, if he should invest the interest paid him, might make six months' interest thereon.

Now, to a certain extent, the same may be said of any contract by which interest is payable semi-annually or quarterly. On this present loan, if the interest were payable semi-annually, the interest on the half year's interest would add about one dollar and eighty-four cents to the amount receivable if the interest were payable yearly. If quarter yearly, two dollars and seventy-five cents. If monthly, about three dollars and thirty-six cents. But it is not usurious to agree to pay interest at more frequent times than annually. (*Mowry* v. *Bishop*, 5 Paige, 98; *Meyer* v. *Muscatine*, 1 Wall., 384.) It therefore appears that the possibility that the lender may, on a contract, have the benefit of getting interest upon interest does not of itself make the contract usurious.

But we may turn to the cases which have discussed a question somewhat similar in regard to commercial paper. In these cases the question examined has not been as to the time when interest may be taken, but as to the amount. When an accommodation note, payable at a future day without interest, is discounted at a bank, the profit which the bank is to receive for the use of its money

is necessarily taken in advance. The only question has been as to the proper mode of computation. Of course the perfectly accurate mode is to deduct discount. The common, perhaps universal, practice is to deduct interest. And this is not usurious. (*Bank of Utica* v. *Wager*, 2 Cow., 712; *Marvine* v. *Hymers*, 12 N. Y., 227.) The reason undoubtedly is that for the short time for which commercial paper runs the difference between interest and discount is small. While if a loan were for fifteen years and all the interest (not discount) were taken in advance there would be nothing for the borrower to receive. This settled rule that interest instead of discount may be taken has been recognized in chapter 409, Laws 1882, section 68. How then does that rule affect this contract?

If this contract is usurious, it is so only because by its express terms it is a promise to pay more than legal interest. But there is no promise to pay any precise sum. The contract only fixes the time when interest shall be paid, without saying how much shall then be paid. It is a fair construction then that only so much shall be paid as shall then be legally chargeable — so much as is lawful. If the rate of interest is seven per cent (as it was at that time), and if interest is to be paid in advance for six months, how much is the borrower to pay? According to the decision of the learned justice fifty dollars and seventy-two cents. And since there was no intent to take usury and the borrower seeks to defeat his contract on the ground that its terms expressed an unlawful contract, there is no reason why we should construe the promise to pay interest in advance to be an unlawful promise, when it may have a lawful meaning. What the parties afterwards did is of no consequence, as the question is not one of intent, but of construction. The question is, had the borrower tendered the lender fifty dollars and seventy-two cents for the interest in advance, would not that have been a performance of the contract?

But even if we were to assume that the agreement meant that fifty-two dollars and fifty cents was to be paid in advance, the contract falls within the rule above stated; that for short periods, in this case for periods of six months, the law will not make the strict distinction between interest and discount. It will permit the payment of interest, where a strict calculation would justify only discount. We ought to apply this well known rule. To illustrate,

suppose a bond and mortgage were made payable in six months without interest, and the lender should deduct from the money advanced interest not discount; would it be just or reasonable to draw a distinction between such a case and the case of commercial paper given for the same length of time, and to say one transaction is valid, the other usurious? It is true that the rule grew up in regard to commercial paper, but it has become a rule and parties are justified in relying upon it. The question never seems to have been raised as to bonds and mortgages. So the courts must now make a rule. And the rule that they make should be in harmony with that which has been made already.

In the view thus taken it becomes unnecessary to pass upon several other questions which would otherwise be important.

The judgment is reversed, a new trial granted, costs to abide the event.

BOCKES, J., dissented.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial granted, costs to abide event.