Jo&n T. Casey, J.
As evidenced by a promissory note dated July 1, 1970 which he drafted, the plaintiff’s testator, an attorney at law, loaned the defendants the sum of $13,410.67. The note recites the obligation became due July 1,1971 and was payable “ with interest at 7% per annum, compounded quarterly The plaintiff moves for summary judgment. It is agreed generally that the loan was made, executed, and remains unpaid in full. The defendants, however, cross-move for summary judgment relying on the affirmative defense of usury.
Subdivision 4 of section 5-501 of the General Obligations Law as applicable, provides that “ interest shall not be charged * * * on any loan * * * at a rate exceeding such rate of interest as may be authorized by law at the time the loan * * * is made ”. The maximum rate of interest to be charged upon a loan of any money on or after February 16, 1969 shall be 7.50% per annum.
The loaning at the maximum rate of simple interest which the law at the time allowed (7%%) and then providing contemporaneously in the note which evidenced the debt that that interest is to be compounded quarterly infected the entire transaction with usury in violation of subdivision 4 of section 5-501 of the General Obligations Law. (55 Am. Jur., Usury, § 50, p. 362, n. 15.) To prove this conclusion one has only to compute the amount that would have been owed the plaintiff’s testator when the loan was due on July 1,1971.' The amount of simple interest at the highest permitted rate when compounded as required would exceed the highest permitted rate. Moreover, there is authority in New York that an agreement to pay compound interest at any rate made when the debt is created is void and unenforceable, regardless of usury, for the reason that sue}* *414 agreement is against public policy. (See Interest on Interest Rule in New York, 20 St. John’s L. Rev. 71, p. 72, April, 1946; State of Connecticut v. Jackson, 1 Johns. Ch. 13; Young v. Hill, 67 N. Y. 162; Newburger-Morris Co. v. Talcott, 219 N. Y. 505.)
This court is mindful of those situations permitted by custom where the deduction of interest at the highest possible rate in advance from the nominal amount of the loan for a period not exceeding one year was permitted as was also prepayments of interest at the highest possible rate in installments in periods of less than a year before the principal spin became due (see Mowry v. Bishop, 5 Paige Ch. 98; Restatement, Contracts, § 534) and of allowing additional interest charges after the maturity of the obligation for the reason that the forebearance to collect the debt supplies the consideration for the additional interest.
None of these situations is precedent for the case at bar. In this case the agreement is violative of the express language of section 5-501 of the General Obligations Law and must be declared void under section 5-511 of the General Obligations Law and the prosecution of this note enjoined and the note ordered to be surrendered and canceled.
Defendants’ motion for summary judgment is granted.